Ellsworth, J.
This is an action of assumpsit, to compel a contribution for money paid on a judgment against three defendants, Whitlock, Aaron Turner, the plaintiffs’ testator, and Bus-sing the present defendant. That there was a judgment rendered by the superior court for Fairfield county at its February term in 1852, against Whitlock, Turner and Bussing, and that Turner was compelled to pay, and did pay, on the execution, the whole amount of the judgment, or suchca sum as was received in satisfaction of the judgment, is admitted or not denied. This evidence, it is said, would in law prima facie entitle the plaintiffs to recover one-third of the sum paid from the defendant, and that there must be such recovery unless there is something peculiar to the present case which saves it from the application of the principle ordinarily applicable to such cases.
If this judgment had been recovered on a'joint contract or joint liability of any kind sounding in contract, the production of the judgment, and proof of payment by Turner of the whole sum, would of course show a good cause of action in the plaintiffs for the recovery from Bussing of one-third the amount paid. Is there any thing on this record which, when taken in connection with the evidence received in the case, distinguishes this case from the one just supposed ?
The defendant insists that that judgment was rendered in an action of tort, and that in that class of cases there is to be no contribution among wrong doers; the maxim of law being, as he claims, that among tort feasors there is no contribution. To meet this objection, the plaintiffs offered evidence, and we think with entire propriety, to prove that, while the maxim might be true as a general rule, the case on trial belonged to a class of cases to which it had no *application, for, [ *458 ] that here there was no personal wrong, not even negligence in a culpable sense, on the part of Turner, and that he had been found guilty only by implication, or legal inference from a supposed relation to Bussing, the' actual wrong doer, through whose neglect the other two defendants had been subjected by the jury.
No objection was made to the reception of the evidence, and we think none could properly have been made. The court received it, and found the fact to be as claimed by the plaintiffs, *374 that Turner was not present, and had no participation in the negligent conduct of the driver of the stage which caused the injury to Mrs. Haight, notwithstanding that, under the particular charge of the court in that case, the jury found that Turner was, in a legal sense, implicated and liable, even though there was not any actual wrong on his part.
What then is this case ?- And what is the true doctrine of the law as to .contribution, or, as it may be, full indemnity, whei’e there has been no illegal act or conduct on the part of him who seeks for a contribution ?
And first, let us remark, that we apprehend that there cap be no objection among the parties themselves, to proof aliunde that a joint judgment in an action on the case, like the presen.fc, was for the default or’ neglect of one of the defendants only. This fact appears not unfrequently on the face of the record itself, as when the master is sued for the negligence of his servant, but if the form of the action does not show it, and an enquiry is necessary to prove it, we-know of no rule of evidence which precludes or forbids such inquiry. Such is the constant practice in actions on contracts, whatever be the form of .the declaration or judgment, and the same course must'be proper in this instance. It must be a very stubborn rule of law to raise in our minds any doubt upon the subject.
The reason assigned in the books for denying contribution among trespassers is, that no right of action can be based on a violation of law, that is, where the act is known to be such [ *459 ] or is apparently of that character. A *guilty trespasser cannot be allowed to appeal to the law for an indemnity, for he has-placed himself without its pale by contemning it, and must'ask in vain for its interposition in his behalf. If however he was innocent of an illegal purpose, ignorant of the nature of the act, which was apparently correct and proper, the rule will change with its reason, and he may then have an indemnity, or as the case may be a contribution, as a servant yielding obedience to the command of his master, or an agent to his principal, in what appears to be right, an assistant rendering aid to a sheriff in the execution-of process, or common carriers, to whom-is committed and who innocently carry away property which has been stolen from the owner.
Indemnity, or contribution to the full amount, is allowable here, and it can be enforced by action if refused, whether the person seeking it has been subjected in case or assumpsit to the damagbs of which he complains. And since in many.instances the person injured -has an election to sue in case or assumpsit, it is not possible that the form of action in which the party seek *375 ing for indemnity or contribution has been subjected, should be the criterion of his right to call for it. One partner or one joint proprietor may do that which will subject all the rest in case or assumpsit, as the fact may be, but there may be a right to contribution notwithstanding, and in some cases, if indeed the present is not one of them, a full indemnity may be justly demanded from the person doing the wrong, by the other partners whom he has involved in loss by his wrongful act. The form of action then is not the criterion. We must look further. We must look for personal participation, personal culpability, personal knowledge. If we do not find these circumstances, but perceive only a liability in the eve of t.he law, growing out of a mere relation to the perpetrator of the wrong, the maxim of law that there is no contribution among wrong doers is not to^ be applied. Indeed we think this maxim too much broken in upon at this day to be called with propriety a rule of law, so many are the exceptions to it, as in the cases of master and servant, principal and agent, partners, joint operators, carriers and the like.
*One of the earliest cases where the maxim is [ *460 ] recognized is Merryweather v. Nixan, 8 T. R. 186, where the plaintiff was the active wrong doer. Having paid the whole damage, he sought for a contribution. It was denied him, and rightfully so, upon the strength of the maxim referred to. But even here, lest a wrong inference should be drawn from the decision, Ld. Kenyon, Ch. J., says : “ This decision will not affect cases of indemnity where one man employed another to do an act not unlawful in itself.” The earlier case of Philips v. Biggs, Hardres, 164, in which this point was raised, was never decided. In Wooley v. Batte, before Justice Parke, 2 Car. & P., 417, one stage proprietor had been sued alone in case for an injury to a passenger through the neglect of the coachman, and, having paid the damages, he brought assumpsit for a contribution, and recovered on the ground that in him there was no personal fault. In Adamson v. Jarvis, 4 Bing., 66, suit was brought for indemnity by an auctioneer against his employer, he having sold goods which did not belong to his employer and for which he had been compelled to pay upon a judgment recovered against him by the owner, being himself innocent. The court held that he could recover. Best, Ch. J., said : “ From the inclination of the court in the case in Hardres and from the concluding part of Ld. Kenyon’s judgment in Merryweather v. Nixan, and from reason, justice and sound policy, the rule that wrong doers can not have redress or contribution against each other, is confined to cases where the *376 person seeking redress must be presumed to have known that ]ie was doing an unlawful act. In Betts v. Gibbins, 2 Ad. & El., 57, Ld. Denman, Ch. J., says : “ The general rule is, that between wrong doers there is neither indemnity nor contribution. The exception is where the act is not clearly illegal in itself. If they were acting bona fide, I can not conceive what rule there can be to hinder the defendant from being liable for the risk.” Again, speaking of Balterseifs case, Winche, 48, he says that it shows that there may be an indemnity between wrong doers, unless it appears that they have been jointly concerned in doing what the party complaining knew to be illegal. In-Story on Partnership, § 220, the learned commentator says, [ *461 ] *speaking of the maxim that there is no contribution among wrong doers, “ but the rule is to be understood accoi-ding to its true sense and meaning, which is where the tort is a known, meditated wrong, and not where the party is acting under the supposition of the innocence and propriety of the act, and the tort is one by construction or inference of law. In the latter case, although not in the former, there may be and properly is a contribution allowed by law for such payments and expenses between the constructive wrong doers, whether partners or not.” The cases are all brought together in Chitty on Contracts, 502, where the author most fully sustains by his own remarks the qualifications of the rule laid down by Lord Den-man. I will here leave this topic, only repeating my remark that the maxim in question is scarcely worthy of being considered a general rule of law, for it is applicable only to a definite class of cases, and to that class the case before us does not belong.
A few words will suffice as to the remaining objection, which goes to the form of action. The defendant insists that it should have been case, and not assumpsit, and that the evidence adduced by the plaintiff does not support his declaration. We' think this objection is not well founded, and that the plaintiff has brought the proper action. He sues for money paid, laid out and expended, which, to say the least, it was the duty of the defendant to pay quite as much as Whitlock and Turner, and it was paid in satisfaction of a judgment against the three. If assumpsit will not reach such a case, it must be because there are no merits in the case upon which to sustain any action, which we have endeavored to show is not the fact.
That judgment was prima facie evidence of a joint debt or duty against the three, and the further evidence adduced by the plaintiff did not vary the apparently good cause of action, but was offered for the purpose of proving that Turner paid the *377 whole judgment, and to show the character of the negligence for which the defendants had been subjected, and whose negligence it was in fact that had thus involved him in such a heavy loss. The payment by Turner was not a voluntary ^'payment, nor was it made officiously, nor on a mere [ *462 ] moral obligation. Had it been, possibly the defendant here could avoid any contribution. But it was an act of necessity. Mr. and Mrs. Haight demanded the whole judgment of Turner and he paid it on the execution. Such a payment I must think stands on the same ground, if my reasoning hitherto is correct, as if it had been on a judgment founded on a joint contract. In equity and justice it is money paid for the person who, in the end, is bound to pay the debt, or so much of it as belongs to him to pay. Why then should the plaintiff sue in case rather than assumpsit ?
Let us look at some of the cases of assumpsit for money paid, and the principle settled by them. Generally, it is sufficient if the monej is paid for a reasonable cause and not officiously. Brown v. Hodgson, 4 Taunt., 189. Skillin v. Merrill, 16 Mass., 40. Jefferys v. Gurr, 2 B. & Ad., 833. Pownal v. Ferrand, 6 B. & C., 439. Exall v. Patridge, 8 T. R., 308. Toussaint v. Martinnant, 2 T. R., 100. So where it has been paid to relieve a neighbor’s goods from legal distraint in his absence, (Jenkins v. Tucker, 1 H. Bla., 90,) for there was a legal duty resting on the defendant. So to defray the expenses of his wife’s funeral, for there was a like duty. So to reimburse the expenses of bail fpr pursuing the principal and bringing him back and surrendering him in court. Fisher v. Fallows, 5 Esp., 171. So for getting the defendant’s goods free, which had been distrained by the landlord for the defendant’s debt, they being at the time on the tenant’s premises. Exall v. Patridge, supra. Or for money paid to indemnify the owner for the loss of his goods, which the plaintiff, an auctioneer, had by mistake delivered to the defendant, who had appropriated them to his own use ; Brown v. Hodgson, supra; though of this case Ld. Ellenborough, in Sills v. Laing, 4 Camp., 81, said that he thought the action should have been special, but the right of action he did not question. So where money has been paid by a surety, or by one of several joint debtors. 1 Steph. N. P., 324, 336. So where one has accepted for honor a protested *bill and paid it. In Pownal v. Ferrand, 6 [ *463 ] B. & C., 429, Tenterden, Ch. J., says: “ The plaintiff is entitled to recover in assumpsit upon the general principle that one man who is compelled to pay money which another is bound by law to pay, is entitled to he reimbursed by the lat *378 ter;” and Ld. -Loughborough, in Jenkins v. Tucker, 1 H. Bla., 90, remarked that there are many cases of the sort, (the funeral expenses of another’s wife in his absence,) where a person having paid money which another was under a legal obligation to pay, though without his knowledge or- consent, may maintain an action to recover back the money so paid. The views of Chitty, in his treatise on contracts, p. 469, and.of Greehleaf, in his treatise on evidence, vol. 2, sec. 108, are in harmony with this principle, that where the .plaintiff shows that, either by compulsion of law, or to relieve himself from liability, or ,to save himself from damage, he has paid ■ money, not officiously, which the defendant ought to have paid, a. count in assumpsit for money paid will be supported.
These cases are most abundant to show that the present action is well brought and should be sustained, if the payment made by Turner was not, as it certainly was not, an unnecessary or officious payment. We conclude therefore that the-objections we have been considering ought not to defeat the right of the plaintiff to recover, and we do not' advise a new trial.
• In this opinion the other judges concurred.
New trial'not advised.