### CHRISTOPHER C. POST *vs.* GRISWOLD I. GILBERT.

The defendant for a valuable consideration agreed to convey to the plaintiff a city lot, which was at the time liable to an assessment for a street improvement, the amount of which was not then determined, and agreed to pay the amount when determined to the city and save the property from the assessment lien. He soon after conveyed the property to the plaintiff, who entered into possession. The assessment was afterwards made by the city and notice given to the defendant, who refused to pay the same, and the plaintiff afterwards, to save the property from foreclosure upon the lien, paid the amount to the city. Held that the plaintiff could recover the amount of the defendant in assumpsit for money paid, and that it was not necessary for him to sue upon the contract.

It was not essential to the plaintiff's recovery in this form of action that the defendant should have been legally liable to the city for the amount of the assessment and thus should have been relieved by the plaintiff's payment of an obligation legally resting upon him.

It is enough in any such case that the plaintiff has paid the money at the request of the defendant, express or implied.

VOL. XLIV.—2

And the necessity of making the payment on the part of the plaintiff, and the defendant's leaving him to pay when he had agreed to make the payment himself, constituted such an implied request.

And held that the defendant's agreement to pay the assessment might be proved by parol.

The purpose for which an ordinary deed is made is not to state the contract between the parties in regard to the terms of the purchase, but simply to convey the title, and the real contract in pursuance of which the deed was given may be shown by parol.

ASSUMPSIT for money paid; brought to the Court of Common Pleas of New Haven County, and tried to the court, on the general issue, before *Robinson, J.*

Upon the trial it appeared that the defendant was the owner of certain land on Whalley Avenue in the city of New Haven, and exchanged the same with the plaintiff for certain other real estate; that at the date of the exchange the avenue had been recently repaired, but no assessment had been laid therefor upon the defendant's property; that at the time and as a part of the transaction it was orally agreed by the defendant that if an assessment was laid therefor by the city on the land, he would pay the same himself; that such an assessment was laid upon the land and became a lien thereon on the 11th day of July, 1872, to the amount of $387.81, of which the defendant had notice from the city; that the defendant neglected and refused to pay the assessment, and that the plaintiff, then the owner of the land, being notified by the city that the assessment was laid upon the land, finally himself paid the same with interest, on the 8th day of April, 1874, the whole amount paid being $397.07; which payment was made to save the land from foreclosure and to discharge the lien; and that the defendant has never paid the amount, or any part of it, either to the city or to the plaintiff.

To the evidence offered to show the parol agreement the defendant objected; but the court overruled the objection and admitted the evidence.

Upon these facts the defendant claimed: 1. That the agreement proved did not support the allegations contained in the common count for money paid. 2. That the agreement could not be made a ground of action except in a special

count. 3. That the contract was a contract of indemnity, and did not support the common counts. 4. That the agreement to be valid must be in writing, either as a contract of indemnity, or as concerning an interest in lands. 5. That the payment by the plaintiff was officious on his part, and not binding on the plaintiff.

These claims the court overruled and rendered judgment for the plaintiff. The defendant moved for a new trial.

*L. E. Munson,* in support of the motion.

1. The action of assumpsit is either general or special, and is based upon a promise express or implied. If the promise is special, that is, distinct from what the law implies as growing out of the relation of parties to a given transaction, then the action must be special, and it cannot be sustained upon the common counts. General assumpsit is based upon a promise implied by law growing out of the relation of debtor and creditor, and where that relation does not exist the law implies no obligation that the common counts will sustain.

2. The transaction out of which this suit grew was a completed transaction in writing under seal; and whatever related thereto was merged in the deed, and evidence of a parol agreement should not have been received to create or enlarge obligations not merged in, or growing out of, the deed itself. It is conceded that no obligation rests upon the defendant, except what grows out of a special parol agreement, made concurrent with the deed in question, and but for such agreement no action could be maintained.

3. The agreement, as found by the court, was to pay an assessment, if one was already laid, and was to discharge an existing obligation, not a contingent uncertain obligation, which might or might not be created in the future. The court finds that no assessment had then been laid. Consequently there was no consideration for the agreement and no existing obligation to which it could attach. If it was an agreement to pay an assessment which might thereafter be laid upon land of the plaintiff, then it was an agreement con-

cerning an interest in land, and the statute of frauds required it to be in writing. *Sears* v. *Brink*, 3 Johns., 214.

4. The agreement was in its nature a special contract of indemnity, against a future contingent, uncertain liability, and the common counts will not support such a claim. *Winton* v. *Meeker*, 25 Conn., 456.

5. The plaintiff paid the amount to the city without the knowledge, consent, or request of the defendant, and such payment was officious on the part of the plaintiff. 2 Greenl. Ev., § 107; *Bailey* v. *Bussing*, 28 Conn., 455. To sustain an action on the common counts for money paid, a request by the defendant to pay, or his subsequent assent to the payment, is material to be proved. A moral obligation is not sufficient. 2 Greenl. Ev., § 113. A person paying such a claim without prior request or subsequent assent, cannot by so doing make himself a creditor and the defendant his debtor, so as to lay the foundation of a recovery in assumpsit.

*W. L. Bennett*, contra, cited, as to assumpsit for money paid being the proper form of action, *Berlin* v. *New Britain*, 9 Conn., 175, 179; *Bailey* v. *Bussing*, 28 id., 455, 462; *Lewis* v. *Campbell*, 8 Man., Gr. & Scott, 541; *Westropp* v. *Solomon*, id., 369; *Brittain* v. *Lloyd*, 14 Mees. & Wels., 762. And as to parol evidence being admissible to prove the agreement, *Collins* v. *Tillou*, 26 Conn., 368; *Baxter* v. *Gay*, 14 id., 122; *Weld* v. *Nichols*, 17 Pick., 538; *Brackett* v. *Evans*, 1 Cush., 79; *Preble* v. *Baldwin*, 6 id., 549; *Jeakes* v. *White*, 6 Exch., 873.

PARDEE, J. In February, 1872, the plaintiff was the owner of a certain piece of real estate which he wished to sell and which the defendant wished to buy. The defendant was then the owner of a piece of land situated on the north side of Whalley Avenue in the city of New Haven, upon which avenue certain public improvements had just been completed, the cost of which the city proposed to assess upon abutting proprietors; but the schedule of assessments not having been completed, the defendant did not then know the precise amount

of his tax. The parties agreed upon terms; the plaintiff promised to convey his land to the defendant; for this the defendant promised to convey his lot upon Whalley Avenue to the plaintiff, and in addition thereto to pay such sum of money to the city of New Haven as should become necessary to protect this lot from any assessment lien, and to pay it when the city determined the amount. In execution of this agreement deeds of the lots were made, each to the other, by the respective owners, and each took possession under his deed. Five months later the city determined the amount of the assessment, and gave the defendant notice thereof and opportunity to pay it; but he refused to pay any part of it. The city thereupon had recourse to its statutory lien upon the lot and proceeded to enforce it by process of foreclosure; the defendant's refusal to pay compelled the plaintiff to rescue his land from the law by payment of the tax, and now he seeks to recover the amount so paid from the defendant upon the general counts in assumpsit. The defendant denies his right to recover in this form of action.

When the plaintiff had made full performance of his dut· under the agreement, and the defendant had accepted the deed and had entered into possession under it, it became his duty to convey his lot and make the money payment to the amount, at the time, and to the person specified in his contract. If his neglect forces the plaintiff to extinguish the lien, then the payment is to be made to him; the law implies a promise on the part of the defendant to do this. He had· himself fixed the time, amount and purpose of the payment; his promise was precisely the consideration which induced the plaintiff to part with his land; which induced him to accept a deed of land upon which was the shadow of a coming assessment; by the promise the defendant obtained and retains possession and use of the plaintiff's property for which he has never paid. The law knows no higher form of contract obligation than that which rested upon him to make payment, first to the city, neglecting that, then to the plaintiff.

In *Jenkins* v. *Tucker*, 1 H. Bla., 90, the plaintiff paid money to relieve the defendant's goods from legal distraint in his

absence and without his knowledge; in *Fisher* v. *Fallows*, 5 Esp., 171, the plaintiff gave a bond for the appearance of the defendant and expended money in pursuing and surrendering him to the court; in *Exall* v. *Partridge*, 8 T. Rep., 308, the plaintiff relieved the defendant's goods from restraint; in *Brown* v. *Hodgson*, 4 Taunton, 189, the plaintiff paid money to indemnify the owner for the loss of goods which the plaintiff, an auctioneer, had by mistake delivered to the defendant, who had appropriated them to his own use; in *Pownal* v. *Ferrand*, 6 Barn. & Cress., 439, the plaintiff being sued as indorsee of a bill of exchange, paid part of the amount to the holder who had recovered judgment against the acceptor, and recovered the amount paid against the defendant, the acceptor, who had paid the remainder of the bill; in *Bleaden* v. *Charles*, 7 Bing., 246, the plaintiff accepted a bill of exchange for the accommodation of one *H*, who deposited it with the defendant as security for goods bought of him, and *H* afterwards paid for the goods, but the defendant refused to restore the bill and indorsed it for value to a third person, who compelled the plaintiff to pay it; the latter recovered the amount of the bill from the defendant on a count for money paid; in *Dawson* v. *Morgan*, 9 Barn. & Cress., 618, the plaintiff had indorsed a note without value for the accommodation of the defendant, and upon payment of the note recovered the amount from the latter for whose benefit he became responsible; in *Bailey* v. *Bussing*, 28 Conn., 455, the plaintiff paid the whole of a joint judgment against himself and two others for the negligence of one and recovered a part of the amount thus paid.

In all these instances the plaintiff recovered the money paid or expended upon the common count.

Mr. Chitty says, (1 Pleading, 350:) " To sustain the common count for money paid by the plaintiff for the defendant's use and at his request, it is essential, *first*, that the plaintiff should have paid money for the defendant, and, *secondly*, that the payment should have been made at the defendant's request, express or implied.    *    *    It is clear however that if money be paid by a person in consequence of a legal liability to which he is subject, but from which a third person ought to

have relieved him by himself paying the amount, a request will be implied." Mr. Chitty, Jr., in his work on Contracts, p. 594, says: " Thus, where the plaintiff is compelled to make payment of the defendant's legal debt, in consequence of his neglect or omission to discharge it, the law infers that the defendant requested the plaintiff to make the payment for him, and gives the action for money paid." In *Pownal* v. *Ferrand*, supra, Lord Tenterden, C. J., said: " The plaintiff was entitled to recover upon the general principle that one man who is compelled to pay money which another is bound by law to pay is entitled to be reimbursed by the latter ; and I think that money paid under such circumstances may be considered as money paid to the use of the person who is so bound to pay it." In the case of *Bleaden* v. *Charles*, supra, the court said that the indorsement was wrongful, and the payment by the plaintiff compulsory, and occasioned by the defendant, and was serviceable to him. In *Jenkins* v. *Tucker*, supra, Lord Loughborough said: " There are many cases of this sort, where a person having paid money which another was under legal obligation to pay, though without his knowledge or consent, may maintain an action to recover back the money so paid." In *Bailey* v. *Bussing*, supra, the court said: " Let us look at some of the cases of assumpsit for money paid and the principle settled by them. Generally, it is sufficient if the money is paid for a reasonable cause and not officiously. * * The views of Chitty in his treatise on Contracts, and of Greenleaf in his treatise on Evidence, are in harmony with this principle, that where the plaintiff shows that either by compulsion of law, or to relieve himself from liability, or to save himself from damage, he has paid money, not officiously, which the defendant ought to have paid, a count in assumpsit for money paid will be supported." In *Berlin* v. *New Britain*, 9 Conn., 179, the court says: " The defendant's assent is always implied where the plaintiff is under a legal obligation to pay money through his default. Such are the cases of sureties, who satisfy a debt; of a person who pays money on a bond or judgment, for the use of a joint obligor; of one who in consequence of the defendant's default has been

compelled to pay money to relieve his goods from distress; and generally where, from the beneficial nature of the consideration and the circumstances of the case, a request may be implied."

The defendant urges that, inasmuch as between the time when his lot actually received benefits from the completed street improvements and the making up of the schedule of assessments for such benefits by the city, he induced the plaintiff by his promise to take the legal title to the lot and expose himself to the assessment, there was no legal liability from the defendant to the city, and that his liability rested wholly upon his agreement with the plaintiff; and that therefore the payment by the plaintiff was officious and not to his use, and cannot be recovered in this action. This doctrine is supposed to rest, in part at least, upon the case of *Spencer* v. *Parry*, infra.

In *Brittain* v. *Lloyd*, 14 Mees. & Wels., 762, which was an action of assumpsit for money paid for the use of the defendant, the head note is as follows: "That action is maintainable in every case in which the plaintiff has paid money to a third party at the request, express or implied, of the defendant, with an undertaking, express or implied, to repay it; and it is not necessary that the defendant should have been relieved from a liability by the payment." In giving the opinion Pollock, C. B., said: "It was argued by Mr. Humphrey that this form of action could not be maintained, unless the effect of the payment was to relieve the defendant from some liability for the amount to the party to whom payment was made, and that otherwise it could not be paid for the defendant's use; and he relied on the case of *Spencer* v. *Parry*, 3 Adol. & Ell., 331, as an authority for that proposition, and contended that, as the defendant in this case was not made liable to the crown by the act of Parliament, the money was paid to one who had no claim upon her, and therefore not to her use. This proposition however is not warranted by the decision of *Spencer* v. *Parry*, though some expressions in the report of the judgment give a countenance to the argument of the learned counsel; nor can the proposition be maintained; for it is clear

that if one requests another to pay money for him to a stranger, with an express or implied undertaking to repay it, the amount when paid is a debt due to the party paying from him at whose request it is paid, and may be recovered in a count for money paid; and it is wholly immaterial whether the money is paid in discharge of a debt due to the stranger, or as a loan or gift to him; on which two latter suppositions the defendant is relieved from no liability by the payment. The request to pay, and the payment according to it, constitute the debt; and whether the request be direct, as where the party is expressly desired by the defendant to pay, or indirect, where he is placed by him under a liability to pay, and does pay, makes no difference. If one asks another, instead of paying money for him, to lend him his acceptance for his accommodation, and the acceptor is obliged to pay it, the amount is money paid for the borrower, although the borrower be no party to the bill, nor in any way liable to the person who ultimately receives the amount. The borrower by requesting the acceptor to assume that character which ultimately obliges him to pay, impliedly requests him to pay, and is as much liable to repay as he would be on a direct request to pay money for him with a promise to repay it." In *Hassinger* v. *Solms*, 5 Serg. & Rawle, 9, Tilghman, C. J., said: "Where one man at the request of another becomes responsible to a third person for the payment of money, he may upon making payment recover against the person who requested as for money paid for his use, and that too although the person making the request be not benefited by the payment. In *Harris* v. *Hartback*, 1 Burr., 373, the defendant requested the plaintiff to pay a sum of money to some laborers who were working in the garden of another person; and it was held that the plaintiff might recover as for money *paid for the use of the defendant.*" And another member of the court added that all things necessarily incident to the plaintiff's situation, in which he was placed at the defendant's request, would in contemplation of law be considered as done at his request, and consequently the payment as made at his request.

The principle established by the foregoing authorities seems to include the defendant's case. By his promise to stand debtor to the city for the tax he obtained a valuable consideration from the plaintiff and induced him to put his property in jeopardy for his, the defendant's, advantage. By the violation of the promise the plaintiff was compelled to redeem that property from the law. As between themselves the defendant is estopped from saying that he was under no obligation to the city; and from saying that the plaintiff's payment was officious and unnecessary.

The defendant also insists that his agreement to stand indebted to the city was one which concerned an interest in lands, and therefore cannot be proved by parol.

But we think the objection is not well taken. The execution, delivery and acceptance of the deeds by the parties in pursuance of the contract, followed by actual possession of the lands under them, satisfy the demands of the statute of frauds; and the recitals of the deeds do not preclude the plaintiff from showing by parol what in fact the contract for payment was; nor from showing non-fulfillment on the part of the defendant. In *Linsley* v. *Lovely*, 26 Vermont, 123, the court says: "The purpose for which a deed is made is not to state the contract between the parties in regard to the terms of the purchase, but to pass the title to the land. The deed is not strictly speaking an agreement between the grantor and grantee. It is executed by the grantor alone, and is a declaration by him addressed to all mankind informing them that he conveys thereby to the grantee the land therein described. The object is to pass the title, not to describe the terms upon which the land had been sold and the mode in which payment was to be made." And in *Collins* v. *Tillou*, 26 Conn., 368, this court held that, notwithstanding the formal statement of consideration and of the receipt thereof contained in the deed, the grantor is at liberty to prove by parol evidence the real contract in pursuance of which the deed was given.

A new trial is not advised.

In this opinion the other judges concurred.