JANVRIN, *Adm'r*, v. CURTIS & a.

An administrator can maintain a bill in equity for the discovery of assets
and the recovery of property conveyed by the deceased in fraud of his
creditors, so far as it is needed to pay the debts of the deceased.

A conveyance made to hinder and prevent the wife of the grantor from
collecting alimony in a proceeding for divorce is fraudulent as to her,
and will be set aside, if necessary, to enable her to collect the amount
of the decree.

There may be contribution among fraudulent grantees of land, when the
land conveyed to one of them is taken to pay the grantor's debts,—such
contribution to be adjusted according to existing equities between the
several grantees.

BILL IN EQUITY, to cancel fraudulent conveyances made by
George Janvrin, the plaintiff's intestate, to the defendants. Facts
found by the court.

George Janvrin married Jane Janvrin in 1870. Before marriage
they made an agreement that at his decease she should have
$1,000 and all the household furniture then belonging to him.
Some troubles arose between them in 1874, when, April 8 of that
year, she left him, and never lived with him afterwards. She peti-
tioned for a divorce on the ground of extreme cruelty, and her peti-
tion was dismissed after a hearing on the merits at the January
term, 1878. February 8, 1878, he filed his petition for a divorce
on the ground of abandonment. This was heard before a referee,
who, June 15, 1878, announced his award for a divorce, and that
the libellant pay the libellee $1,490 as alimony. After pro-
ceedings at the law term on the referee's report, a decree of
divorce, and that he pay the alimony, was made October 15, 1878.
Suit was brought by Jane upon the decree for alimony, upon which,
November 17, 1881, she recovered judgment for $1,802.41 and
costs $7.52. This has never been satisfied. George Janvrin
died intestate March 22, 1882, leaving, so far as is known, only a
small amount of personal estate, which was applied in payment of
his funeral expenses. He left no debts of any considerable amount,
and none to be considered in this case, excepting the judgment for
alimony in favor of Jane Janvrin. He left children,—a son and
four daughters,—to each of whom, and to a grandson, George J.
Curtis, during the ten years from 1868 to 1878, he conveyed real
estate, at different times and in distinct parcels, altogether being
all he had, and of the value of many thousands of dollars. The
son is the plaintiff. The grandson and three of the daughters are
the defendants. The plaintiff was appointed administrator, and
brings this bill solely in the interest of Jane Janvrin as a creditor
of the intestate, and seeks to cancel the conveyances that were

made to these defendants on the ground that they are fraudulent and void as to her.

*Wiggin & Fuller* and *W. W. Stickney*, for the plaintiff.

*J. G. Hall* and *Jeremiah Smith*, for the defendants.

SMITH, J.   No question is made as to the correctness of the finding that the following conveyances were valid as to Jane S. Janvrin, a creditor of George Janvrin,—viz., the deed dated January 10, 1873, to George J. Curtis, of land in Hampton Falls and Kensington; the deed dated April 10, 1868, to Mrs. Curtis, of land in Hampton Falls; the deed dated January 10, 1874, to Susan and Caroline D. Janvrin, of the west part of the block; and the deed dated January 12, 1874, to George Janvrin, Jr., of 24 acres of pasture.

Also, no question is made as to the correctness of the finding that the following conveyances were fraudulent as to Jane S. Janvrin,—viz., the assignment September 10, 1877, to Mrs. Curtis, of the note for $200, secured by mortgage of land in Brentwood; the deed dated December 3, 1875, to George Janvrin, Jr., and Charles W. Janvrin, of the east part of the block, subject to the life estate of Albert Janvrin; and the deed dated October 26, 1876, to Frank J. Brown, of part of the Spring lot.

It is found that the conveyance, of January 23, 1877, to Mrs. Curtis of the Spring lot was valid, unless it shall be held to be defeated by the claim of Mrs. Janvrin on the facts stated.   The finding that the depriving of his wife of any power to collect her claim entered into the purpose of George Janvrin in making this conveyance, and that this was understood by Mrs. Curtis, brings the conveyance within the prohibition of the statute 13 Eliz., c. 5. Mrs. Curtis, having purchased with knowledge of the fraudulent design of her grantor to defeat, hinder, and delay the plaintiff in interest, by the conveyance, in collecting her claim, is in law charged with a participation in the fraud, although she may have paid full compensation for the land; and the conveyance as to Mrs. Janvrin is void.   *Robinson* v. *Holt*, 39 N. H. 557, 561; *Crowninshield* v. *Kittridge*, 7 Met. 520; *Wadsworth* v. *Williams*, 100 Mass. 126; 1 Sto. Eq. Jur., s. 369, and authorities cited.

The conveyance, August 22, 1874, of the Grove street house to Susan and Caroline D. Janvrin is found to be in fraud of the rights of Jane S. Janvrin.   If the conveyance was without consideration, it was fraudulent as to creditors, and the finding is based upon the assumption that the conveyance was a gift.   The facts reported do not support the finding.   The conveyance was a substitute for the one half of the Academy street house conveyed in February, 1873.   That conveyance was valid, not only as between the parties, but as to the creditors of George Janvrin.   As be-

tween the parties, the title of the grantees was as good as if they had paid full value for it. George Janvrin was then solvent, and had no purpose of defrauding any creditor. With the delivery of the deed, the title to the premises passed to the grantees, and was not revested in the grantor when they returned the deed to him, for it is found that it was not their intention to divest themselves of their title by returning the deed. When the grantor subsequently conveyed the premises to Jefferson Janvrin, without their knowledge or consent, he became thereby their debtor to the value of the premises, and this indebtedness was paid by the conveyance of the Grove street property. The conveyance was for an adequate consideration; and the fact is expressly found that the grantees had no knowledge of any fraudulent purpose on the part of the grantor. The conveyance is valid as against the creditors of George Janvrin.

If Wellington Bros. and Prescott's estate are liable to the plaintiff in interest for the value of Albert's life interest in the block levied upon by them, no decree can now be rendered against them, they not being made defendants. For the same reason no decree can now be rendered against George, Jr., and Charles W. Janvrin for their interest in the block, nor against Frank J. Brown for that part of the Spring lot conveyed to him October 26, 1876.

This is a bill for the discovery of assets, and to cancel fraudulent conveyances. Jane S. Janvrin is the plaintiff in interest, and the only creditor interested in the purposes for which the suit was brought. There is no reason why she should be compelled to bring in the creditors of Albert or the other fraudulent grantees, and be subjected to further delay and expense in litigating with them their titles to property. If the assets discovered are sufficient to satisfy her claim, she ought not to be compelled to ferret out all the fraudulent conveyances in order that the equities may be adjusted between them. She may amend the bill so as to include in her claim a decree against Mrs. Curtis for the Spring land, and the note for $200 secured by mortgage upon land in Brentwood. If the defendants desire that all persons who appear to have received fraudulent conveyances from George Janvrin be made parties in order that they may contribute to the value of Mrs. Janvrin's claim in proportion to the value of what they have respectively received from George Janvrin in fraud of her claim, it may be done. The maxim, that there can be no contribution among wrong-doers, does not apply. *Bailey* v. *Bussing*, 28 Conn. 455, 459; *Goldsborough* v. *Darst*, 9 Bradw. (Ills.) 205, 211.

*Chamberlayne* v. *Temple*, 2 Rand. (Va.) 384, was a bill to set aside conveyances fraudulent as to creditors. The plaintiff, who was a creditor of the grantor, convened all the parties who had received such conveyances, and laid before the court all the evidence for an apportionment of his claim among all the defendants. A decree was ordered against each defendant for his proportionate

share of the plaintiff's claim, with a reservation of the right to the creditor to resort for satisfaction to all the parties responsible to him to the full extent of their liabilities respectively, in the event of his failing, for insolvency or other cause, to procure satisfaction from any of the parties of their due proportions of his demand. The court said,—" At law, persons claiming under voluntary fraudulent conveyances cannot require a creditor to proceed against them severally for ratable proportions of their debt. He might proceed against them severally after the death of the debtor, as executors *de son tort* for the full value of the assets of the debtor in their hands, and the insolvency of one would not excuse any other; and so it should be in equity, if an attempt to equalize the burthen produced any unreasonable delay or detriment to the creditor."

In *Brice* v. *Myers*, 5 Ohio 121, the case was this: The defendant conveyed to his four sons and son-in-law five tracts of land, one to each, in consideration of an annuity of $20. The conveyances were held fraudulent as to the plaintiff, a creditor of the defendant, and it was ordered that on failure of the debtor to pay the amount of the plaintiff's judgment, the land conveyed to the other defendants be separately valued, that such part of each tract might be sold as should appear necessary to satisfy the plaintiff's claim.

In *Cornish* v. *Clark*, 14 L. R. Eq. 184, Clark had distributed his property to his children, and made no provision to pay debts. The conveyance was held fraudulent under the statute 13 Eliz., *c.* 5. The plaintiff sued for himself and all other creditors (the debtor having died during the pendency of the suit). It was ordered, that as between the defendants the funeral and administration expenses and debts of the intestate (Clark) be borne by them in proportion to the amount or value of the several gifts to them respectively, but the order to be without prejudice to the right of the plaintiff to enforce the decree against all or any of the defendants, and against all or any part of the estate of the intestate, as they may be advised. The question of contribution of the defendants *inter sese* was reserved for further consideration.

As between George Janvrin and the defendants, the conveyances were valid and effectual. The title to the several tracts passed by the conveyances from him to them respectively. They did not take the conveyances subject to the payment of his debts. They did not agree to pay his debts, and were under no legal obligation to pay them. If he had paid his debts, or they had been satisfied out of other property of his, he would have had no claim upon the defendants, or the lands conveyed to them, for reimbursement. A gift of property by a father to his child is not in itself wrong. A conveyance, fraudulent as to a creditor, is set aside because it deprives the creditor of the means of satisfying his debt. When a grantee, under such circumstances, pays the debt to save his land from sale, it has been held that he is entitled to subrogation as

against the grantor. *Cole* v. *Malcolm*, 66 N. Y. 363;—see, also, Sheld. on Sub., *ss.* 46, 210, 213; *Brigden* v. *Cheever*, 10 Mass. 450; *Crosby* v. *Taylor*, 15 Gray 64; *Harbert's Case*, 3 Rep. 11; *Campbell* v. *Mesier*, 4 Johns. Ch. 334.

Some of the defendants whose conveyances have been found fraudulent, paid adequate considerations for the same. This fact can be considered when the other grantees whose conveyances appear to have been fraudulent are made parties to this suit, and when the question what proportion of Mrs. Janvrin's judgment shall be borne by the several grantees as between themselves, is presented for consideration.

The plaintiff may have a decree cancelling the fraudulent conveyances to the defendants, and for a sale of so much of the lands as will satisfy the claim of Mrs. Janvrin, with interest, costs, and expenses of sale, unless they shall pay into court for her use the amount of her claim with interest and costs. If the defendants do that, they may have an amendment making the execution creditors of Albert, Albert's children, George, Jr., and Charles W., and Frank J. Brown, co-defendants, who will be entitled to be heard; and if the fraudulent character of their conveyances is established, a decree may be rendered for equitable contribution in favor of those who pay Mrs. Janvrin's claim.

ALLEN, J., did not sit: the others concurred.

The foregoing opinion was delivered at the June term, 1884. The case was subsequently amended and reärgued. The amendments appear in the opinion of the court, delivered at the June term, 1885, by

SMITH, J. In the former opinion, the conveyance of the Grove street property was held valid as against the creditors of George Janvrin, because the conveyance was for an adequate consideration, and it had not been found that the grantees had any knowledge of any fraudulent purpose of the grantor. The plaintiff, upon a rehearing, contended that the conclusion of the trial court, that the conveyance was in fraud of the rights of Jane S. Janvrin, was a conclusion of fact and not of law. The case has been amended, and the fact now appears that the grantees had no knowledge of the fraudulent purpose of their father, George Janvrin. The conveyance must therefore be held valid as against the creditors of George Janvrin.

At the former argument, no question was made as to the correctness of the finding of the trial court, that the conveyance of the west part of the brick block was not in fraud of the grantor's creditors, nor of any rights of the plaintiff, and it was therefore assumed in the former opinion that the conveyance was valid as against creditors. A rehearing upon this part of the case was also

asked for, upon the ground that the facts reported did not justify the conclusion of the trial court that the conveyance was not in fraud of the claim of Jane S. Janvrin, but, on the contrary, did show that it was in fraud of her claim. By an amendment of the original case, the fact now appears that the grantees of the block, Susan and Caroline D. Janvrin, had no knowledge of any fraudulent purpose of the grantor, George Janvrin, in the conveyance of that property to them; and further, that "they understood it was done in accordance with and in fulfilment of a long-cherished purpose of his to convey the block to them, partly in payment of a debt due to them from him, and partly as a gift for their benefit." It is now contended by the plaintiff that the conveyance was fraudulent on the part of George Janvrin, and this contention is based upon the finding in the original case, that "after April, 1874, it was George Janvrin's purpose, and he sought, to prevent the establishment of any claim of his wife; and after its establishment, in 1878, he used every means in his power to prevent its collection, and in making the conveyances bearing date subsequent to April, 1874, the depriving of his wife of any power to collect her claim entered into his purpose." The deed of the west part of the block to Susan and Caroline D. Janvrin is dated January 10, 1874, but was not delivered until the spring or summer of 1875, and it is claimed that this conveyance should be treated as if dated at the time of its delivery. But we interpret the finding to mean the literal date of the deed. The other construction would be inconsistent with the finding that the "deed was on good consideration, and not in fraud of the grantor's creditors."

It appears that the value of the block was $9,000 at the time of the conveyance, and to the extent of about $5,000 was a gift from George Janvrin to his daughters, the grantees. The plaintiff claims that if the conveyance was not fraudulent as to the whole premises, it was fraudulent as to this balance of $5,000. The facts appear to be, that at the time of the delivery of this deed the grantor then owned the east part of the block, worth $4,200, conveyed to Albert Janvrin and his sons December 3, 1875, twenty acres of the Spring land, conveyed January 23, 1877, to Mrs. Curtis for $1,000, and the rest of the Spring land, conveyed October 26, 1876, to Frank J. Brown,—property much more than sufficient for the payment of all his debts. The conveyance of the west part of the brick block, therefore, was not fraudulent, either in fact or in law.

The result reached in the former opinion is not changed.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.