HUDSON TRUST COMPANY *vs.* NANCY L. CUSHMAN.

Third Judicial District, Bridgeport, October Term, 1918.
RORABACK, WHEELER, BEACH, GAGER and KEELER, Js.

A guarantor of a promissory note is not entitled to have the proceeds of a sale of collateral applied primarily to the payment of that note, if the terms of the instrument permit the creditor to apply it to other indebtedness at his option, and he elects to do so; under such circumstances the guarantor can avail himself of the security, by way of subrogation, only by paying the entire indebtedness for which the collateral was deposited.

Argued October 24th—decided December 17th, 1918.

ACTION upon a written guaranty for the prompt payment of a loan evidenced by a note for $2,500 payable to the plaintiff, brought to and tried by the Superior Court in Fairfield County, *Warner, J.*; facts found and judgment rendered for the plaintiff for $2,850, and appeal by the defendant. *No error.*

This action is upon a written guaranty to pay a promissory note for $2,500, made by Cushman & Company and guaranteed by the defendant.

The material portions of the note which the defendant guaranteed are printed in the foot-note.

After the formal promise by "the undersigned" to pay $2,500, the note proceeds: "having deposited with the said Hudson Trust Company as collateral security for the payment of this and any other liability or

When this note was made, Cushman & Company was indebted to the plaintiff to the extent of about $16,500, inclusive of the note now in question. After the execution and delivery of this note and guarantee, Cushman & Company was adjudicated a bankrupt. The plaintiff sold the collaterals referred to in the note for $2,500, and applied the proceeds of the sale to the payment of certain indebtedness of Cushman & Company, other than that represented by the note in question, and made

liabilities of every kind of the undersigned or of the guarantors hereof to said Trust Company, due or to become due, or which may hereafter be contracted or existing, or which may be acquired by purchase or assignment, the following property [description of collateral]. . . .

"The undersigned do hereby authorize and empower the said Trust Company, at its option, at any time, to appropriate and apply towards the payment of any of the obligations or liabilities, whether now existing or hereafter contracted, any and all moneys now or hereafter in the hands of the said Trust Company, on deposit or otherwise, to the credit of or belonging to the undersigned, whether the said obligations or liabilities are then due or not due; and further agree that in the event of the insolvency of the undersigned all the above obligations and liabilities shall, at the option of the said Trust Company, become and be immediately due and payable without notice or demand of payment. . . .

"In case of sale for any cause, after deducting all costs or expenses of every kind for collection, sale or delivery, the said Trust Company may apply the residue of the proceeds of the sale or sales so made, to pay either one or more or all of the said liabilities to the said Trust Company, whether then due or not, as it shall deem proper. . . ."

The following guaranty, signed by the defendant, was indorsed upon the note: "In consideration of the making, at the request of the undersigned, of the loan evidenced by the within note, upon the terms thereof, and of the sum of one dollar, the undersigned hereby guarantee to The Hudson Trust Company, New York City, its successors, endorsees or assigns, the prompt payment of the said loan when due, and hereby consent that the securities for the said loan may be exchanged or surrendered from time to time, or the time of payment of the said loan or any of the securities therefor extended, without notice to or further assent from the undersigned, and that the undersigned will remain bound upon this guarantee notwithstanding such changes, surrender or extension. The undersigned waive demand of payment from the maker of said note and also waive notice of nonpayment of the said loan or note, and also waive notice of any sale of the collateral securities held for the said note."

no application of these proceeds to the amount due upon the note.

*William L. Tierney,* for the appellant (defendant).

*Albert A. Goldner,* for the appellee (plaintiff).

RORABACK, J.  The principal contention of the defendant, as shown by her reasons of appeal, is that the Superior Court erred in holding that the money which the plaintiff received from the sale of these collaterals should not be applied to the payment of the note which she had guaranteed.  The terms of the note gave the Trust Company the right to apply the proceeds of this collateral to the payment of liabilities to it incurred by the defendant other than this immediate note, and such an agreement is recognized and supported by the case of *Stamford Bank* v. *Benedict,* 15 Conn. 437, 444, in which this court said: "The debtor and creditor had the sole right of controlling these payments; and if neither of these have done this, the court must do it, as the rights, equities, and intention of these parties seem to demand.  The defendant is an indorser, or at most a surety; and this constitutes his only relationship to these debts.  It has been said, that sureties are to be favored in the construction and enforcement of contracts.  But we cannot extend such considerations to cases like the present.  To do this, would be to defeat the object and end of suretyship; it would be to hold, that the surety might have the money paid by his principal, so applied, as to leave the creditor a loser, notwithstanding his care and vigilance; and in truth, to discharge an indorser, who has been duly charged as such, without the fault or negligence of the creditor. And such would be the effect, in the present case.  This would be inequitable; and we cannot direct the appli-

cation of this money, upon this principle. Indeed, this is a case, in which, if the creditor had made no application of the payment, the court, upon equitable principles, would apply it upon the precarious debts." See also 21 R. C. L. p. 108, and cases referred to in note 5 at bottom of page.

We cannot, under the facts here disclosed, extend the doctrine of subrogation to the defendant. She has done nothing to furnish a basis for such a right. Under the plain terms of the note, the plaintiff company had the right to sell the collateral and apply the proceeds as it did. In *Sandford* v. *McLean,* 3 Paige Ch. (N. Y.) 117, 122, 23 Amer. Dec. 773, 776, this statement is made of the controlling principle: "It is only in cases where the person advancing money, to pay the debt of a third party, stands in the situation of a surety, or is compelled to pay it to protect his own rights, that a court of equity substitutes him in the place of the creditor, as a matter of course, without any agreement to that effect. In other cases the demand of a creditor which is paid with money of a third person, and without any agreement that the security shall be assigned or kept on foot for the benefit of such third person, is absolutely extinguished."

If the principles of law to which we have just referred are correct, it necessarily follows that, upon the facts found in the present case, there is no error in the conclusion of the court below that "the plaintiff had the right to sell the collateral and apply said proceeds as it did, and the defendant, the guarantor, is not entitled to have the avails of such sale applied primarily to the payment of the note in question, nor is she entitled in equity to said collateral security or its equivalent until and unless she pays the whole of the indebtedness, viz: the $14,000 in addition to said note for which said collateral was given."

The conclusions of the court referred to in paragraphs one, two and three of the reasons of appeal were fully justified by the evidence now before us.

There is no error.

In this opinion the other judges concurred.