LOUIS URSINI vs. RALPH PIAZZA ET AL.

Third Judicial District, Bridgeport, October Term, 1924.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

The defendants' note to the A. Company for $550 was indorsed by the payee to D, who obtained a judgment thereon against the defendants and the A. Company, which the plaintiff was obliged to pay as surety upon the bond of the A. Company, given to release an attachment made by D upon its property. The plaintiff then brought the present action claiming subrogation to the rights of the A. Company against the defendants who asserted a set-off of an unpaid note for $1,350 made by the A. Company to their order. *Held:*

1. That the plaintiff was subrogated to the A. Company's right of exoneration against the defendants.
2. That the defendants were entitled to a set-off of the unpaid note of the A. Company.

Argued November 6th, 1924—decided January 30th, 1925.

ACTION against the makers of a promissory note to recover the amount which the plaintiff had been obliged to pay as surety upon an attachment bond in a previous action in which the holder of the note obtained a judgment against an indorser, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants. *Error; judgment to be entered for defendant.*

Defendants entered into an agreement for participation in the business of the Ansonia Reed Furniture Company, and in pursuance thereof gave their promissory note for $550 payable to the order of the Ansonia Reed Furniture Company, and also expended $807. After the Ansonia Reed Furniture Company had indorsed the note to one Duino, the agreement for participation was abandoned by mutual consent, and

to reimburse the defendants, the Ansonia Reed Furniture Company gave the defendants its promissory note for $1,357, secured by assignments of certain leases of musical instruments and the property covered thereby. Thereafter Duino brought an action on the note against the defendants and the Ansonia Reed Furniture Company, in which action certain property of the latter defendant was attached. To release this attachment the plaintiff became surety upon an attachment bond executed by himself and the Ansonia Reed Furniture Company. Duino recovered judgment against all the defendants in his action on the note, and the judgment was satisfied in part out of property of the Ansonia Reed Furniture Company taken on execution, and to satisfy the balance the plaintiff, solely because of his obligation as surety, was compelled to pay and did pay $475.

Up to the trial of this action defendants still owned and held the Ansonia Reed Furniture Company's note for $1,357, and had collected $497.50 from the leases assigned as collateral security therefor. The Ansonia Reed Furniture Company has assigned to the plaintiff its claim against the defendants, and the plaintiff sues as such assignee, and also as entitled by subrogation to recover the amount paid because of his obligation as surety.

*Charles S. Hamilton*, for the appellants (defendants).

*George E. Beers*, with whom was *Carl A. Mears*, for the appellee (plaintiff).

BEACH, J. The trial court rendered judgment for the plaintiff to recover from the defendants $475, the amount which he was obliged to pay as surety upon the attachment bond, with interest, on the ground that the plaintiff was subrogated, to that extent, to the rights of the Ansonia Reed Furniture Company.

The substantial question is whether this judgment can be sustained in view of the finding which shows that the Ansonia Reed Furniture Company is still indebted to the defendants upon its note for $1,357, after giving it credit for $497.50, being the amount realized by the defendants from the leases assigned as collateral security therefor, and also after crediting it with the full amount of the Duino judgment.

We are satisfied that the plaintiff cannot be regarded as a mere volunteer, for it must be assumed that he became surety on the attachment bond at the request of the Ansonia Reed Furniture Company. *Berlin* v. *New Britain*, 9 Conn. 175, 179. As to the $475, which he became legally bound to pay by reason of his principal's default, he was subrogated to the Ansonia Reed Furniture Company's right of exoneration against the defendants as makers of the note held by Duino. *Paton* v. *Robinson*, 81 Conn. 547, 71 Atl. 730; *Hudson Trust Co.* v. *Cushman*, 93 Conn. 119, 105 Atl. 344; *Bailey* v. *Bussing*, 28 Conn. 455.

On the other hand, the plaintiff had no direct contractual or legal relation with the defendants. The attachment bond was given solely to release property of the Ansonia Reed Furniture Company and, so far as appears, the defendants were not interested in having that property released from attachment, and received no benefit from its release. It seems to follow that although the amount paid by plaintiff was incidentally for the use of the defendants, it was not paid at their request, express or implied; and hence that the plaintiff, by such payment, succeeded only to such rights as the Ansonia Reed Furniture Company had against the defendants. The plaintiff's claim is so stated in his brief.

It can hardly be denied that if the Ansonia Reed Furniture Company had itself paid the Duino judgment

in full, the defendants might have set off against its claim for exoneration any indebtedness remaining due on the later note for $1,357 given by the Ansonia Reed Furniture Company to the defendants after crediting the amount of the Duino judgment on the note. And by subrogation to the rights of the Ansonia Reed Furniture Company, the plaintiff stands in its shoes as substituted creditor.

It is said that the set off is not pleaded; but in the fourth defense the $1,357 note is pleaded and the fact of maturity and nonpayment alleged. The words "by way of set off," or their equivalent, were omitted, but the facts were litigated and found, and it is quite evident that the trial court drew a distinction between their efficacy as a defense by way of set off, to the plaintiff's claim based on assignment, and his claim based on subrogation, for though the fact of assignment is found, the court gave judgment only for the claim based on subrogation. We find ourselves unable to follow this distinction, and are of opinion that the defense of set off applies also to the claim based on subrogation.

There is error, the judgment is set aside and the cause remanded with direction to enter judgment for the defendants.

In this opinion the other judges concurred, except KELLOGG, J., who concurred in the result, but died before the opinion was written.