A. F. LESHER, Assignee, *vs.* J. E. GETMAN, Sheriff, and others.

March 24, 1883.

**Action against Sheriff for Conversion—Joinder of Indemnitors as Defendants.**—A sheriff having levied under several writs of attachment upon property not belonging to the defendant in the writs, the owner asserted his title and claim by affidavit, as prescribed by statute. The plaintiffs in the writs, with sureties, executed several indemnity bonds to the sheriff, who then retained the property levied upon. The owner commenced an action for the unlawful levy against the sheriff alone, and the latter afterwards procured an order under the statute, (Gen. St. 1878, c. 66, § 154,) requiring the obligors in the bonds to be joined as parties with him in the action. *Held*, (1) the parties were properly brought in, although in the particular case the service of the affidavit by the plaintiff was not necessary to enable him to maintain his action against the sheriff.

**Same—Limit of Recovery against an Indemnitor.—**(2) These parties are so brought into the action only for the purpose of enabling the sheriff to enforce against them his right of indemnity. The recovery as against them is only upon the contracts (bonds) of indemnity, and the penal sums named limit the amount of the recovery.

**Same—Several Indemnitors.**—(3) Each writ having been levied upon all of the property, and the sheriff having been charged as for a conversion of the whole in a sum exceeding the amount of the penalties in all of the

v.30—21

bonds appearing to have been given, the obligors in the several bonds should be charged to the extent of the penalties named in their respective bonds.

**Pleading.**—A defect in a pleading may be supplied by the pleading of the adverse party.

**Levy on Account-Books not a Levy on Accounts.**—A levy upon account-books does not constitute a levy upon the accounts or debts charged in them, nor, though the levy is unlawful, does it constitute a conversion of the accounts.

Appeal by defendants (not including Getman) from an order of the district court for Dodge county, *Buckham*, J., presiding, refusing a new trial, after trial by the court, a jury being waived. The case is stated in the opinion.

*Rogers & Rogers* and *Ankeny & Sawyer*, for appellants.

The court below did not acquire jurisdiction over these appellants. The application to make them parties was made under Gen. St. 1878, c. 66, §§ 154, 155. This statute does not apply to a case like the present, the property, when taken, being in the possession of a third party. *Barry* v. *McGrade*, 14 Minn. 126, (163;) *Butler* v. *White*, 25 Minn. 432; *Tyler* v. *Hanscom*, 28 Minn. 1; *Ohlson* v. *Manderfeld*, Id. 390. The application failed to show possession of the property in the defendant in the writ (Hageman) or his agent. This is essential. *Forbes* v. *Hyde*, 31 Cal. 342; *Shields* v. *Miller*, 9 Kan. 390; *Atkins* v. *Atkins*, 9 Neb. 191; *Slocum* v. *Slocum*, 17 Wis. 150; Freeman on Judgments, § 118. This defect is not waived by answer. Gen. St. 1878, c. 66, § 95; *Stratton* v. *Allen*, 7 Minn. 409, (502;) *Mattice* v. *Litcherding*, 14 Minn. 110, (142;) *Atkins* v. *Atkins, supra;* Wells on Jurisdiction, §§ 63–66.

*C. H. Benton, A. La Due* and *Jones & Gove*, for respondent.

*G. W. Batchelder*, for defendant Getman.

DICKINSON, J.* Action in the nature of trover for conversion of a stock of merchandise, book-accounts, and other property.

One Hageman had been the owner of the property, but had transferred the property to this plaintiff by a general assignment for the benefit of creditors. The defendant Getman was sheriff of Dodge

*Gilfillan, C. J., because of illness, took no part in this case.

county. After the assignment from Hageman to Lesher, several actions were commenced against Hageman by his creditors, as follows: One by Harwood, one by Gotzian & Co., and one by Wyman & Mullen. Writs of attachment were issued in these actions and delivered to the sheriff Getman, who levied the same successively upon the same property. After the levies under the writs, this plaintiff, claiming the property levied upon under the assignment from Hageman, made and served upon the sheriff an affidavit, as provided by statute in such case, and claimed the return of the property. Thereupon indemnity bonds were given to the sheriff, as provided by statute, (Gen. St. 1878, c. 66, § 154,) as follows: One in behalf of Gotzian & Co., in the penal sum of $2,500, executed by Channing Seabury, one of the members of that firm, as principal, with Gordon and Farwell as sureties; and one in behalf of Wyman & Mullen, in the penal sum of $750, executed by Wyman & Mullen as principals, with Lane and Babcock as sureties. The sheriff, receiving such indemnity bond, retained the property levied upon, and, subsequently, judgments having been recovered against Hageman in each of such actions, and in favor respectively of Harwood, Gotzian & Co., and Wyman and Mullen, so much of the property as had been effectually levied upon was sold upon executions issued upon such judgments, and the proceeds were applied in satisfaction of the same in the order named. It did not appear upon the trial whether Harwood executed a bond of indemnity or not. The conversion complained of consisted in the levy upon and retention of the property under the several writs of attachment as above stated.

This plaintiff commenced this action for such conversion against the sheriff Getman only. Thereafter, upon affidavit alleging the executing of the bonds of indemnity above mentioned, and the executing of a like indemnity bond by Harwood, Durkee, Hopping, and Phillips, the defendant Getman applied to the court for an order requiring all of such indemnitors to be impleaded with him in the action, and thereupon the court so ordered. The summons was then amended by inserting the names of such alleged indemnitors as defendants in the title of the action, and service of the same was made upon such added defendants, excepting Durkee, Hopping, and Phil-

lips. No amendment was made of the complaint. The defendants interposed no objection to their being thus made parties. They answered the complaint, these appellants (Gotzian & Co., Seabury, Gordon, Farwell, Wyman, Mullen, Lane, and Babcock) alleging in their answer the giving of the indemnity bonds by them as above stated. The cause was tried by the court without a jury. The plaintiff's claim of title to the property was sustained by the findings of the court, and the levy upon the property under such writs of attachment, and its retention by the sheriff after demand, was found to be a conversion of all of such property, and the sheriff and the attaching creditors, Gotzian & Co. and Wyman & Mullen, were held answerable to the plaintiff for the value thereof, to wit, $5,516.49, with interest, and the sureties upon the indemnity bonds of Gotzian & Co. and Wyman & Mullen were held chargeable for such conversion in the amounts of their respective bonds. Judgment was ordered accordingly. Motion having been made for a new trial and refused, the principals and sureties in such bonds of Gotzian & Co. and Wyman & Mullen appealed. The decision of this court is thus sought only in respect to the liability, in this action, of such appellants.

After the decision had been made in the court below, these appellants asserted want of jurisdiction in the court to render judgment against them, and the objection is again raised upon this appeal. The objection to the jurisdiction of the court may be briefly stated to rest upon these two grounds: *First*, that the statute pursuant to which these appellants were brought in as defendants, does not apply in this case or authorize such proceedings; and, *second*, that the complaint was never amended, and shows no cause of action against such parties.

The statute referred to we shall have occasion to consider and construe for other purposes than that to which attention is now directed. It reads as follows, (Gen. St. 1878, c. 66, §§ 154, 155:)

Sec. 154. "If any property levied upon or taken by a sheriff, by virtue of a writ of execution, attachment, or other process, is claimed by any other person than the defendant or his agent, and such person, his agent or attorney, makes affidavit of his title thereto, or right to the possession thereof, stating the value thereof, and the

ground of such title or right, the sheriff may release such levy or taking, unless the plaintiff, on demand, indemnify the sheriff against such claim, by bond executed by two sufficient sureties, accompanied by their affidavit that they are each worth double the value of the property as specified in the affidavit of the claimant of such property, and are freeholders and residents of the county; and no claim to such property by any other person than the defendant, or his agent, shall be valid against the sheriff, unless so made; and, notwithstanding such claim, when so made, he may retain such property under levy a reasonable time, to demand such indemnity."

Sec. 155. "If, in such case, the person claiming the ownership of such property commences an action against the sheriff for the taking thereof, the obligors in the bond provided for in the preceding section, and the plaintiff in such execution, attachment, or other process, shall, on motion of such sheriff, be impleaded with him in such action. When, in such case, a judgment is rendered against the sheriff and his co-defendants, an execution shall be immediately issued thereon, and the property of such co-defendants shall be first exhausted before that of the sheriff is sold to satisfy such execution."

The first objection named to the jurisdiction of the court rests upon a misconstruction of section 155, which makes it to apply only to cases where the attached property has been taken from the possession of the defendant in the writ, and makes it inapplicable where the property was taken from the possession of a third person claiming title in himself. It may be assumed that no service of affidavit (upon the sheriff) was necessary in this case, as a condition precedent to the maintaining of an action against him, for the property appears to have been taken from the possession of the plaintiff himself and not from the defendant in the writs. See *Ohlson* v. *Manderfeld*, 28 Minn. 390, and cases cited. According to the most natural construction of the two sections recited, it is only necessary, for the granting of the application of the sheriff to have other parties impleaded with him, that property levied upon by him shall have been claimed by another person than the defendant in the writ, such claim being asserted by the prescribed affidavit; that the plaintiff shall have

then indemnified the sheriff in accordance with the provisions of the statute; and that an action shall have been commenced by the claimant against the sheriff for the taking of the property. It does not affect the result that an action might have been maintained against the sheriff without the making of the affidavit.

For reasons which will hereafter be more fully shown, the complaint was not defective. The defect, if any, was that the defendant Getman did not plead the facts as to the giving of the indemnity bonds, and showing that these appellants were chargeable for whatever recovery should be had in the action against him. This defect, however, was cured by the separate answer of the appellants, setting forth the facts, so far as not alleged in the complaint, upon which their liability in this action must rest. *Rollins* v. *St. Paul Lumber Co.*, 21 Minn. 5; *Warner* v. *Lockerby*, 28 Minn. 28, 30.

2. The findings of the court that the assignment to plaintiff was properly acknowledged, and that it was made in good faith, are claimed to be contrary to the evidence. We have carefully examined the case, and deem the findings sustained.

3. The property claimed to have been converted by the levy of the attachments, and which the court below found to have been thus converted, included book-accounts owing to Hageman, and embraced in the assignment to this plaintiff. These were of the value of $2,175.28. This is included in the sum of $5,516.49, for which judgment was directed against the defendants as above stated. The question arises whether these appellants are chargeable in respect to such accounts. They are not so chargeable unless the act of the sheriff in levying upon the property, or his subsequent conduct respecting it, constituted a conversion of the accounts.

Reading the findings of the court in the light of the evidence, we understand the facts found to be that the sheriff assumed to levy upon the accounts, and did take possession of the account-books; but that no effectual levy upon the accounts or debts was made, because the sheriff did not make the service, required by statute in such cases, upon the debtors owing such debts. The court further finds that the sheriff "returned on each of such writs of attachment the fact of such levy thereon." We do not construe the finding recited in the last

sentence as a finding that the sheriff made return of a *valid* levy upon the accounts; and, if such is its meaning, we think it is not supported by the evidence. And neither by the findings, so far as sustained by the evidence, nor by the evidence itself, is there shown a conversion of the accounts, except as to the sum of $38.32, to which we will refer again hereafter. The return of the sheriff upon the writs of attachment is that he "attached, seized, and took into my possession, as the property of the within-named defendant, Henry F. W. Hageman, the goods, wares, and merchandise, and books and accounts, * * * particularly itemized and enumerated in the inventory hereunto annexed. * * *" The only reference to accounts in the annexed inventory is this: "One set of account-books, comprising seven in number." A levy upon the account-books would not constitute a levy upon the book-accounts. *Swart* v. *Thomas*, 26 Minn. 141. The only accounts (debts) returned as levied upon were such as should be found particularly itemized in the inventory. The inventory embraces none at all, but only some books of account. The return shows no levy upon the accounts. The executions subsequently issued in such actions were not levied upon the accounts, nor were they sold upon such executions.

The acts complained of, so far as established by the evidence or found by the court, did not constitute an interference with plaintiff's title, possession or control of the book-accounts, nor did they amount even to the assertion of any rights respecting them on the part of the sheriff. It is not enough that he may have deemed his acts to have been, not only an assertion and exercise of dominion over the property, but an actual seizure of it under the writs. It was not a conversion. *Fernald* v. *Chase*, 37 Me. 289. It follows that the appellants were not answerable for the value of the accounts, for the only acts for which they became responsible did not amount to a conversion.

The sheriff did, however, collect of the accounts the sum of $38.32, which, with the proceeds of the sale of other property levied upon, was applied in satisfaction of the judgments of Harwood, Gotzian & Co., and Wyman & Mullen, and for this sum we think the defendants answerable.

4. We are now to consider the extent of the appellants' liability in

respect to other property than the accounts referred to, but including the $38.32 above mentioned. The value of the property, including such sum, is $3,341.21. It is important that we understand and keep distinctly in mind the ground upon which the appellants' liability in this action rests. The appellants, by indemnifying the sheriff for taking and holding the property under the writs, adopted and ratified his act done in their behalf, and became, in contemplation of the law, joint wrong-doers with him, and liable to the plaintiff as such. *Davis* v. *Newkirk,* 5 Denio, 92; *Herring* v. *Hoppock,* 15 N. Y. 409; Freeman on Executions, § 273; *Knight* v. *Nelson,* 117 Mass. 458; *Screws* v. *Watson,* 48 Ala. 628; *Lewis* v. *Johns,* 34 Cal. 629; *Lovejoy* v. *Murray,* 3 Wall. 1.

The indemnitors thus became subject to a double liability, but upon different and distinct legal grounds, and to different parties. They were answerable to the owner of the property for the wrongful levy upon and retaining of his property. This liability, arising *ex delicto,* was enforceable by an action by the owner against them alone or jointly with the officer. Again, they were responsible to the officer, upon their contract of indemnity, for any recovery which might be awarded against him on account of the levy. This liability, arising *ex contractu,* was enforceable, after the sheriff should have been damnified, by an action prosecuted by him upon the contract or undertaking of indemnity. It cannot well be considered to have been the purpose of the statute to provide for the enforcement indiscriminately, in a single legal action, of both of these obligations incurred by the appellants,—one resting upon tort, and existing only in favor of the plaintiff, and the other growing out of contract, and existing only in favor of a co-defendant. It is rather to be deemed to have been the purpose of the enactment to provide respecting the remedy for the enforcement of one or the other of the so dissimilar and distinct obligations.

This action, as it was commenced by the plaintiff against the sheriff alone, was the ordinary proceeding by which compensation for a wrong done was sought to be recovered against a party who had committed the wrong. The steps taken under the statute, by which other parties were subsequently impleaded with the defendant, must

obviously be regarded either (1) as a proceeding for the benefit of the plaintiff,—that is, that such added parties might be compelled to respond to the plaintiff in damages for a wrong for which they were legally liable to the plaintiff, just as though they had been originally sued as joint wrong-doers with the sheriff; or (2) the proceeding was for the benefit of the defendant in such action, (sheriff,) so that, in the same action which should determine his liability to the plaintiff, there might be determined and enforced such right of indemnity or reimbursement as he might have against them on account of the alleged tort for which he was sued.

A consideration of the prior existing law and of this statute will lead to the conclusion that the latter of these alternative propositions expresses the object of the statute.

*First.* The plaintiff needed no statutory intervention to enable him to maintain an action for the wrong against any or all whom the law made answerable for such wrong.

*Second.* The proceeding for bringing in these parties is not to be taken until after an action has been commenced against the sheriff. There is nothing in the statute suggesting that the action may not be properly commenced and prosecuted against the officer alone, as one might always prosecute one of several joint wrong-doers. The statute has not taken away this remedial right, but, on the contrary, recognizes it as still existing.

*Third.* The new parties are brought in only at the instance and upon the application of the defendant, and the plaintiff has nothing to do concerning it. He cannot invoke the joinder of the parties. They may be brought in, even against his will.

*Fourth.* The persons who may be joined as parties under the statute are only those against whom the sheriff may assert a right of indemnity. Any stranger or agent of the sheriff, who should take part with him in the wrongful levy, would incur the same liability to the owner of the property as the sheriff himself or his indemnitors; yet such persons may not be brought in as parties under the statute. The language of the act makes it applicable only to "the obligors in the bond, * * * and the plaintiff in such execution, attachment, or other process." The persons thus referred to will have made

themselves liable to the sheriff as indemnitors whenever the statutory conditions exist which authorize him to apply to have them impleaded with him. This is self-evident as to all such as shall have executed the indemnity bond. It is true, also, of the plaintiff in the writ.

The general rule that neither contribution nor indemnity may be had by one wrong-doer against another for the consequences of the wrongful act, is subject to this among other exceptions, viz.: When one is employed or directed by another to do an act in his behalf which is not manifestly wrong, and which the former does not know, or is not presumed to have known, to be wrong, the law implies a promise of indemnity by the principal for such damages as flow directly from the execution of the agency. The employer impliedly assumes the responsibility. 1 Chitty on Cont. 748; *Adamson* v. *Jarvis,* 4 Bing. 66; *Moore* v. *Appleton,* 26 Ala. 633. The principle is applicable to the case of the sheriff who in good faith follows the direction of the plaintiff in a writ of attachment or execution in levying upon property. *Gower* v. *Emery,* 18 Me. 79; *Nelson* v. *Cook,* 17 Ill. 443; *Sanders* v. *Hamilton,* 3 Dana, (Ky.) 550; *Humphrys* v. *Pratt,* 2 Dow & Clark, 288; Freeman on Executions, § 275; and see *Stoyel* v. *Cady,* 4 Day, (Conn.) 222, 226.

In the cases contemplated by the statute, the sheriff is authorized to release the levy and exonerate himself, unless the plaintiff shall indemnify him by bond with sureties. The plaintiff, by furnishing such bond, whether the bond is executed by himself or not, ratifies the levy already made, and requires the officer to maintain the levy upon the property in dispute. If the intervention of the plaintiff in such case consists only in delivering to the sheriff an indemnity bond executed by himself as principal, with sureties, the express obligation of indemnity thus created would leave no room for a mere legal implication of a promise to indemnify. The express contract would be one of indemnity, and would determine the extent of the obligation assumed. If the plaintiff should furnish to the sheriff an indemnity bond, not executed by himself, (assuming that this would be a compliance with the statute,) it, too, would operate as a ratification of the levy made in his behalf, and would be in effect a request, if not a requirement, on the part of the plaintiff that the sheriff forbear

from releasing the levy. The plaintiff, thus requiring and procuring the maintenance of the levy, should be deemed to have assumed the responsibility, and would be liable over to the sheriff as an indemnitor, (the sheriff acting in good faith,) as upon an implied promise. The security which the law gives by its implication of a promise of indemnity in such case would arise and remain operative none the less because other security, executed by other parties, had been given and received. The presumption is that the implied undertaking of the plaintiff, and the express obligation of the obligors in the bond, were intended to be cumulative. *Wesley Church* v. *Moore*, 10 Pa. St. 273.

*Fifth.* The execution which issues upon a judgment in favor of the plaintiff in the action must be first satisfied out of the property of the parties thus joined as defendants before the property of the sheriff can be resorted to. This, too, shows that the persons whom the statute contemplates as subject to be made parties, upon motion of the sheriff, are such only as are deemed to be ultimately responsible, as between themselves and the sheriff, for the damages which may be awarded against him in the action; that is, those standing in the relation of indemnitors to him.

Our conclusion is that the purpose of the statute, in providing for bringing in these parties defendant, was not the enforcing in favor of the plaintiff of a liability in tort, but rather to enforce, for the benefit of the sheriff, such right of indemnity as may exist in his favor. By the statutory procedure, this right, otherwise only enforceable by a separate action brought by the sheriff after a recovery had been had against him, is now made available in the same action which determines his own liability. By this means circuity of action is avoided; the judgment against the sheriff concludes also his indemnitors; those who are responsible over to the sheriff, and have undertaken to save him harmless, are made to discharge that obligation as soon as it becomes absolute; and the property of the sheriff, for whose benefit the statute is framed, is protected, so far as can be consistently with the rights of the plaintiff, from being taken for a liability not ultimately his own. It should not affect the result that the same parties, whose contract liability to the sheriff it is the object of the statute to enforce, might have been held responsible to

the plaintiff in tort if he had elected to pursue his remedy against them. That fact is foreign to the purposes and scope of the action, either as it was commenced against the sheriff alone, or at the later stage, when the defendant caused his indemnitors to be impleaded with him.

It follows from the premises that the liability of the appellants in this action is measured by the terms of the contracts of indemnity, and that the law relating to the responsibility of joint wrong-doers, or of those who adopt and ratify the wrongful acts of others committed in their behalf, does not indicate the rule or measure of damages to be adjudged against the appellants. So far as they are concerned, it is, except as to the form of the proceeding and of the judgment, as though this was an action prosecuted by the sheriff upon the indemnity bonds, after his right to recover upon them had been established. Hence the amount of the recovery against the principals and sureties in the bonds is limited to the penal sums named therein respectively, with interest from the time when their liability became fixed and ascertained; that is, in this case, from the time of the award of damages in this action against the sheriff.

In this connection the question arises whether there is any other limitation (than the penalties named) of the amount of the recovery against these indemnitors, arising from the facts that several writs were levied upon the same property, and several indemnity bonds executed to the sheriff. Under the circumstances of this case, these facts have not the effect to reduce or limit the recovery against the obligors in the bonds to a sum less than the penalties therein. The precise terms of the bonds do not appear in the record, but we assume that each undertaking of indemnity was as broad in its scope as the levy to which it related. The levy under each writ extended to all of the property, and constituted a conversion of it. The sheriff has been found liable for such conversion, and a recovery awarded against him therefor to an amount exceeding (even after deducting the value of the book-accounts) the sum of the indemnifying bonds shown to have been given. It does not appear that the sheriff has any other available security. The terms of the bonds in question, as we assume, obligate those executing the same to save the sheriff

harmless from the liability to which he should be subjected by reason of the taking of the property levied upon. The enforcement of the bonds to the full limit allowed by the penal sums written therein will not accomplish that result, and the recovery should not be for a less sum. We do not consider whether, if the facts had been different, this result would have been otherwise. We see no reason for a new trial, but there should be a modification of the judgment directed by the trial court, so that the amount of the recovery awarded against the defendant Getman shall be charged also by judgment against all of these appellants, principals as well as sureties, only to the extent of the penalties named in their respective indemnity bonds, with interest on such amounts from the date when judgment was awarded by the findings and order of the trial court.

The cause is remanded that judgment may be so entered.

MITCHELL, J., *dissenting.* I dissent from so much of the opinion of the court in this case as holds that the amount of the judgment against the appellants Gotzian & Co. and Wyman & Mullen is limited to the amount of the penal sums of their respective bonds of indemnity to their co-defendant, Getman, the sheriff. I think that they are liable as joint trespassers with the sheriff, and for the same amount. I concede that section 155 was intended for the benefit of the sheriff, and not of the plaintiff. I also concede, what is self-evident, that it is only those who have indemnified the sheriff whom he has a right to have impleaded. But to draw from these considerations the conclusion that, when thus impleaded, their liability to the plaintiff is measured by their contract of indemnity to their co-defendant, seems to me a *non sequitur.*

As correctly stated in the opinion of the court, these parties, by furnishing the sheriff a bond of indemnity, adopted and ratified the acts of the sheriff and made them their own, and thus became liable to the owner of the property as original trespassers jointly with the sheriff. The plaintiff might have sued all of them jointly, or, as he did in this case, sue only one of them, and, if he failed to get satisfaction out of him, then bring another action against the others, or any of them. At common law, if one of several joint trespassers

be sued alone, he has no right to demand that the others be joined with him. Now, it seems to me that, in view of this state of things, section 155 was enacted for the purpose of giving the sheriff protection, additional to that given by section 154, and of a much more effective nature than that suggested by my brethren. Section 154 gave him the right to demand indemnity from the plaintiff in the writ. As before suggested, the indemnitors became jointly liable with the sheriff to the owner of the property as trespassers, and might have been by such owner sued jointly with him. But if the sheriff be sued alone, section 155 says he may, in such case, demand that these other parties shall be impleaded with him. True, it is because of certain contract relations between the sheriff and his indemnitors that he is given the right to have them impleaded with him. But the reason why he is permitted to have them thus brought into the action as defendants, and the extent of their liability to the plaintiff when impleaded, seem to me to have no necessary connection with each other. Such considerations as, on whose motions were they brought in? or, what are their contract liabilities to their co-defendant? are wholly irrelevant. The material question is, *what is the extent of the cause of action of the plaintiff against them?* In short, I think when these parties are impleaded, on motion of the sheriff, the plaintiff may recover against them precisely as if he had himself made them defendants in the first instance. In either case his cause of action against them is the same, namely, *the trespass* upon his property to which they have made themselves parties, and not the bond of indemnity which they have given to their co-defendant, the sheriff. This construction of the statute gives to the sheriff the additional protection which I think was designed to be given him. It neither prejudices nor complicates the rights of the plaintiff, and does no injustice to the indemnitors. The language of the statute clearly indicates that it never contemplated anything but one judgment against all, for the same amount. This is manifest from the provision that the property of the co-defendants shall be exhausted before that of the sheriff is taken.

That the penal sum in the indemnity bond is not the extent of the liability of "the plaintiff in the writ," is evident from the fact that

there is no necessity that he should himself join in the execution of it. This is clear from the language of the statute which speaks of "*the obligors in the bond*" and "the plaintiff in the writ." The object of the bond is not to make the plaintiff in the writ responsible to the sheriff, for he is liable independently of a bond if he direct the sheriff to retain the levy. The object is to furnish the sheriff additional security. Now, suppose the plaintiff in the writ does not, as he need not, join in the execution of the bond to the sheriff, what is the extent of his liability in an action like the present? Clearly, not the penal sum of the bond, for he is not a party to it. Again, suppose in the present case the plaintiff fails to obtain satisfaction from the sheriff of the amount of the judgment in excess of that to be rendered, according to the opinion of the court, against the appellants, can he bring another, against Gotzian & Co. and Wyman & Mullen upon their liability as trespassers? This he could have done had the action proceeded as he commenced it, against the sheriff alone. If he cannot, then his right to do so must have been defeated by the action of the sheriff over which he had no control. If he can, then it leads to the unreasonable alternative that a person may bring a second action against parties after having already litigated the same matter against the same parties in another action.

Such are some of the complications which would arise from the views adopted by my brethren—views which, in my judgment, find no support in either the language or reason of the statute, and which certainly were not suggested upon the argument of the case by either counsel.