ALBERT RICHARDSON *et al.* *vs.* JAMES McLAUGHLIN *et al.*

Argued by appellant, submitted on brief by respondent, Nov. 3, 1893. Affirmed Dec. 13, 1893.

No. 8454.

**Practice on making others parties with the sheriff under 1878 G. S. ch. 66, § 155.**

Where a sheriff is sued in trover after levy under attachment or execution upon property claimed by the plaintiff in the suit, and upon the sheriff's application, pursuant to 1878 G. S. ch. 66, § 155, an order is made directing the obligors in an indemnity bond executed to him under section 154 to be impleaded with him, it is not necessary for the plaintiff to amend his complaint by setting up facts showing the nature of their liability as indemnitors of the sheriff. That is for the sheriff to do in his answer. It is enough that they be made parties by the service of the proper summons and notice, and they may then plead to the plaintiff's complaint, and to the answer of the defendant sheriff, as they may be advised.

Appeal by defendants, C. Gotzian & Co., George W. Freeman, Isaac H. Arthur and James W. Warren, from an order of the District Court of Pine County, *F. M. Crosby,* J., made April 12, 1893, overruling their demurrer to the complaint.

C. Gotzian & Co., a corporation, recovered a judgment in the District Court of Ramsey County against J. W. Plummer and F. B. Richardson, retail merchants at Sandstone, and issued execution thereon and placed it for service in the hands of James McLaughlin, Sheriff of Pine County. He levied on a stock of goods. Albert Richardson and M. C. Gates appeared and claimed the goods. The Sheriff demanded indemnity against such claim. Thereupon C. Gotzian & Co., as principal and George W. Freeman, Isaac H. Arthur and James W. Warren, as sureties, made and delivered to him a bond of indemnity pursuant to 1878 G. S. ch. 66, § 154. The Sheriff then sold the goods and the claimants Albert Richardson and M. C. Gates brought this action against the Sheriff to recover the value of the goods sold. He answered, denying that they owned the goods. The Sheriff then moved the Court, on notice and affidavit of the facts, and obtained an order that C. Gotzian & Co. and the sureties in its bond, be made defendants in the action with him

and be served with summons to answer. In compliance with the order the plaintiffs then served on C. Gotzian & Co. and the sureties, a copy of it and a notice to answer the complaint on file within twenty days, or on default they would apply to the Court to have the amount they were entitled to recover, ascertained by the Court, or under its direction, and take judgment for the amount so ascertained. The only complaint on file .was the one wherein Albert Richardson and M. C. Gates were plaintiffs and James McLaughlin, the Sheriff, was the defendant. C. Gotzian and Co. and the sureties demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against them. The trial Court overruled the demurrer with leave to answer in twenty four hours. C. Gotzian & Co. and the sureties at once appealed to this Court.

*Morphy, Ewing, Gilbert & Ewing*, for appellants.

The order to implead was never properly obeyed. The complaint was not amended. The complaint charges no liability upon C. Gotzian & Co. or the sureties, nor does it ask any relief against them. *Tullis* v. *Orthwein*, 5 Minn. 377; *Western R. Co. of Minnesota* v. *DeGraff*, 27 Minn. 1; *Penfield* v. *Wheeler*, 27 Minn. 358; *Hooper* v. *Balch*, 31 Minn. 276.

*L. H. McKusick*, for respondents.

VANDERBURGH, J. Plaintiffs sue defendant McLaughlin, sheriff of Pine county, in trover for the seizure and conversion of a stock of goods claimed by them, and levied on by him as the property of C. W. Plummer & Co., upon an execution issued against them, upon a judgment recovered by C. Gotzian & Co. After answer, defendant's attorneys procured an order of the court directing that certain parties, obligors in a bond of indemnity executed on behalf of C. Gotzian & Co. to the defendant McLaughlin in pursuance of 1878 G. S. ch. 66, § 154, be joined in the suit as codefendants, as provided for in section 155 of the same chapter. Thereafter the plaintiffs' attorney served a copy of the order upon the obligors in the indemnity bond, with a notice in the form of a summons addressed to them, in which they were required to answer the original com-

plaint in the action, on file with the clerk, within twenty days, etc. Instead of answering, they appeared, and demurred to the complaint on the ground that it did not state a cause of action against them.

It is admitted that it was sufficient as against defendant Mc-Laughlin, but their counsel insist that, as the complaint was not made in an action against them, it was necessary to file an amended complaint.

Their relation to the suit is fixed by the statute in pursuance of which they are brought into it. The summons we have referred to does bring them into the suit, and, in so far as the plaintiffs are concerned, the claim they are required to defend against is that made against the defendant sheriff in the complaint filed.

The plaintiffs did not choose to join the obligors in the bond in the principal action, but elected to proceed against the sheriff alone; and the plaintiffs in the execution are liable over to him. Independently of the statute, they would, upon due notice, have been obliged to assume the burden of the defense, and have been concluded by the judgment, in an action by him against them, because answerable over to him. *Lesher* v. *Getman,* 30 Minn. 330, (15 N. W. 309;) *Westfield* v. *Mayo,* 122 Mass. 109.

In some states the same result is reached in a summary way, after judgment against the sheriff, by motion for judgment against the sureties for the amount recovered, with costs. Code Civil Proc. Cal. § 1055.

Under our statute the indemnitors are impleaded on the motion of the sheriff, and, of course, for his benefit; and his and their rights and obligations are to be adjusted in the same suit. The plaintiffs are not bound to amend their complaint by setting up the facts upon which the sheriff predicates the liability of his indemnitors to him; hence it devolves upon him to set up these facts in his answer, unless this is waived by the sureties, and thereupon they will be entitled to litigate the claims of the plaintiffs and their codefendant in the same action. *Howe* v. *Spalding,* 50 Minn. 157, (52 N. W. 528.)

The proper practice is indicated in *Lesher* v. *Getman,* 30 Minn. 326, 329, (15 N. W. 309.) Since the summons was directed to the defendants, and a copy of the order directing them to be made par-

ties was served with it, the mere fact that the title of the action in the complaint was not formally amended was not ground of demurrer.

Order affirmed.

(Opinion published 57 N. W. Rep. 210.)

Argued by appellant, submitted on brief by respondent, Nov. 16, 1893. Affirmed Dec. 13, 1893.