## DRUMMOND *versus* HUMPHREYS & al.

If an agent, acting under the direction of his principal, cuts timber by mistake partly upon the wrong township, which his principal receives and disposes of, he can recover of his principal what he has been obliged to pay for damages in a suit for that trespass.

ON REPORT from *Nisi Prius,* TENNEY, J., presiding.

The writ was dated Oct. 25, 1850. It contained three counts upon an account annexed, for money paid and for money had and received.

It appeared from the evidence that in the winter of 1846 – 7, the defendants bought of W. H. McCrillis the stumpage upon No. 5 township, range 1, and employed the plaintiff to cut and haul the timber. One of the defendants, Merryman, was present all the time, and gave general directions as to the cutting, hauling and marking. By mistake, some of the timber was cut on township No. 4. This was

mixed with the rest, and came into the possession of the defendants.

Thereupon the plaintiff was afterwards sued by the proprietor of township No. 4, for trespass, and was obliged to pay a certain sum for damages.

To recover the money thus paid, this action is brought.

By agreement of parties a default was entered, with the understanding that if the action was not maintainable on the evidence introduced, the default should be taken off and a nonsuit entered, or the action stand for trial, at his election.

*Abbott,* for the defendants, insisted, —

1st. That the action, being assumpsit, cannot be maintained, unless against both of the defendants; and that no evidence appeared that Gen. Humphreys had any knowledge about the cutting on No. 4, at the time it took place, and hence could not be liable.

2d. That the plaintiff and defendants were co-trespassers, whether the trespass was committed intentionally or not; and the principle was well settled, that one co-trespasser cannot maintain an action for contribution against another.

3d. That McCrillis was the only one who received any benefit from the transaction, as he was paid for the stumpage, and he was the person alone liable.

*P. M. Foster,* for the plaintiff.

Drummond was sued for the trespass, and paid the damages. The property of the timber cut by mistake from township No. 4, was in him. This timber the defendants have taken and disposed of. Shall they not pay for it? *Ticonic Bank* v. *Smiley,* 27 Maine, 225.

RICE, J. — In the winter of 1846–7, the plaintiff, under a contract, cut and hauled timber for the defendants from township No. 5, range 1. In consequence of uncertainty as to the true location of the line, he extended his cutting beyond No. 5, and upon No. 4, of range 1. The timber thus cut on No. 4, was hauled by the plaintiff to the same

Drummond *v.* Humphreys.

landing and commingled with the timber which he hauled for the defendants from No. 5. All the timber thus cut and hauled from both townships, was driven by the defendants, and by them manufactured.

For the value of so much thereof as was cut on No. 4, the proprietor of that township, Mr. Goodridge, has recovered of the plaintiff in an action of trespass. This action is brought to recover of the defendants the value of that timber for which the plaintiff has thus paid.

It would have been competent for Goodridge to have pursued the timber cut upon his land, without authority, and to have reclaimed the same; or it was competent for him to treat it as having been converted by Drummond, and to proceed against him for its value. He elected the latter method in which to enforce his rights, the consequence of which was, to vest the title to the timber in Drummond, the plaintiff.

That this timber, which has thus been paid for by the plaintiff, has gone into the hands of the defendants, and by them been appropriated to their use, does not seem to be controverted.

The defendants have submitted to a default, to be taken off if, upon the evidence reported, the action cannot be maintained.

It is contended, that the plaintiff is not entitled to recover, because it is not proved, that the defendants have received the money for the timber. The evidence is clear, that it was manufactured by them, and we think the legitimate inference is, that they have converted it into money, and therefore, that the plaintiff may well recover on the money counts. But he may also recover on the money counts by proof that the defendants have received either money or money's worth for the property taken. *Randall* v. *Rich*, 11 Mass. 494; *Payson* v. *Whitcomb*, 15 Pick. 212.

There surely is no reason, in equity and good conscience, why the plaintiff should not recover, and we think there is no technical rule of law which will defeat this action.

*The default must stand.*