JOHN S. LADD v. THE TOWN OF WATERBURY.

*Towns.  Highways.  Highway Surveyor.*

If the selectmen of a town describe, in the tax bill given by them to a high-way surveyor, as within his district, a highway, which, though never legally established as a highway, has been recognized and repaired as such by the town, and used by the public, and the surveyor proceed to repair such high-way, and, in consequence of its never having been legally established, is obliged to pay damages in trespass to a land owner for working the same, he is entitled to be indemnified by the town for such damages.

A highway surveyor is not obliged to look beyond his tax bill and warrant to ascertain the extent of his district and the roads which he is to repair.

ASSUMPSIT.  The facts in the case and the charge of the county court to the jury, so far as it was excepted to by the defendant, are sufficiently set forth in the opinion of the court.

*Timothy P. Redfield*, for the defendant.

*Dillingham & Durant*, for the plaintiff.

ALDIS, J. The plaintiff was a highway surveyor in Waterbury. The selectmen gave him a tax bill and warrant for his highway district, and therein described the road upon which his tax bill was to be worked out as follows : " Beginning at the school house on Demerett's land at the junction of the roads, thence to John S. Ladd's house." This was the only road in his district. A part of it crossed the land of one Rowell, who denied that it was a legal highway, and objected to the plaintiff's working out the tax on it upon his land.  The selectmen were notified of the objection by Rowell, but (upon the charge of the Court as excepted to we must understand,) they directed the plaintiff to go on under the authority of his bill and warrant, and repair the road.  He did so, acting in good faith and with reasonable care and prudence.  Rowell sued him for trespass in so doing, and recovered damages.  The plaintiff now sues the town to recover for the damages which he was obliged to pay Rowell, upon the ground that the town is bound in law to indemnify him for what he did upon Rowell's land.  No question arises but that the plain-tiff in what he did upon Rowell's land acted in good faith and in

Ladd *v.* The Town of Waterbury.

a proper manner in collecting and laying out the tax; and in regard to all such questions (some of which were alluded to in argument) it would appear that the court charged as requested by the defendant, and no exception was taken.

The question therefore arises, is the plaintiff, as collector of the highway taxes, entitled to indemnity as against the town for the damages he has been obliged to pay Rowell. The plaintiff claims this—first by force of the 56th section of chapter 81, of the complied statutes ; Comp. Stat. p. 471.

The statute provides that " every collector shall be fully indemnified by the town, village, district, or other community by which he shall be appointed, for all damage to which he may be subjected, by reason of any illegality or informality in the tax bill, warrant or other precept, furnished said collector for the collection of the tax, and all such damage may be recorded by the collector of such town, district," &c. A highway surveyor is a collector of taxes. The highway tax may be be paid in labor if the tax payer choose to pay it in that way ; hence the collector must, if required, collect it by having it worked out on the road, and cannot collect it in any other way. To collect the tax therefore, he must work on the road.

He is responsible to the town for any damages which may be sustained by the town through fault or neglect in the discharge of his duty. Comp. Stat. 175 sec. 4.

The road here in question was a public highway, used for public travel, and which, whether originally laid out legally or not, had been adopted by the town, recognized as one they were bound to repair, and one which they had repaired. A traveller suffering damage from its insufficiency could recover therefor of the town ; *Blodgett* v. *Royalton,* 14 Vt. 288 :—and doubtless if the surveyor had taxes enough to repair it, and through his own fault neglected to do so and caused the damage, he would be liable to the town.

It is said that he should go to the town records and ascertain whether the highway is legally laid out or not ; and if not then not work on it. But this is clearly unreasonable. All highways do not appear of record. They may be established by dedication, use and adoption by the town, and nothing appear of

record.   Of those originally laid out by authority and  surveyed and  recorded, the  records are  not  always  preserved,  and  if recorded are often so imperfect, that only one skilled in  the  law can tell whether the highway is legal or not.   It is enough for the surveyor that the road is actually open and used for public travel, and is recognized by the town as one ; it is liable to repair by being set in his tax bill for him to work upon.  It is the duty of the town to see that all highways laid out by authority under the statutes are properly surveyed and recorded.   Comp. Stat. p  162  secs. 8 and 9 ; p. 163, secs. 13 and 14.   But the surveyor cannot regulate the matter, or  tell  whether such surveys and records are complete or not.

Again the selectmen (who for this purpose represent the town) are authorized to establish and alter highway districts from time to time as they see fit.   Their division of the town into highway districts is not required to be recorded, and ordinarily only appears upon the tax bills and warrants which they deliver to the surveyors   Comp. Stat. p. 175, secs. 4 and 5 and 6.  The surveyor cannot look beyond his tax bill and warrant, to ascertain the extent of his district, and the roads which he is to repair.

From these considerations it is obvious that his tax bill and warrant should contain a description of the roads upon which he is to apply his taxes, and for which he is responsible by law, and are to be his guide as to his duty and the extent of his responsibility.   If they direct him to work out his tax upon a certain road, and the road is used as a public highway, he cannot safely disregard the precept and set up his own judgment against the authority of the selectmen.   If there be illegality in the directions contained in his tax bill, the town  must indemnify  him for any damage he may sustain in obeying the precept.

We think the case at bar clearly comes within the provisions of the statute, and that there was no error in the  charge of the court.

This makes it unnecessary for us to consider the other question whether the town would be liable independent of the statute.

Judgment affirmed.