JOSEPH C. EICKMAN and another *vs.* JOHN K. TROLL.

May 9, 1882.

**Attorney and Client—Retainer.**—A certain letter *held* to authorize an attorney to appear in an action on behalf of the writer.

**Same—Privileged Communications.**—A request to an attorney, or employing him to defend an action, is not a privileged communication, and may be proved by the evidence of the attorney.

Plaintiffs, partners as Eickman & Meyer, brought suit against the defendant in the district court for Le Sueur county. A writ of attachment was issued November 8, 1880, and on the same day levied on real estate of the defendant in that county. There was no service of the summons on defendant, either personally or by publication, but answer was made, and an appearance entered for defendant, by Peck & McHale, attorneys-at-law, on December 21, 1880. Subsequently, by stipulation of attorneys, judgment was entered for plaintiff.

This appeal is taken by defendant from an order by *Macdonald*, J., denying defendant's motion to vacate and set aside the judgment, the grounds of the motion being that no summons was ever served on defendant, and that no one ever had authority to appear for him. The only authority of Peck & McHale to appear for defendant was contained in the following letter of defendant to H. J. Peck, one of the

firm, dated at Fergus Falls, in this state, December 8, 1880: "I got a letter from New Prague to-day, and they told me that 3 parties lade a leen on my lot and house & store. * * * The parties that laid the leen, and that is A. W. Mertens and F. Nicolin and Eickman & Meyer of New Prague, but I want you to fight them. I don't want nobody then Emerson Talcott to have that property, and if they will not except that then I will Hold it myselve for a Home state under that law."

*R. H. McClelland,* for appellant, cited *Masterson* v. *Le Claire,* 4 Minn. 108, (163;) *Harshey* v. *Blackmarr,* 20 Iowa, 161; *Kronschnable* v. *Knoblauch,* 21 Minn. 56; *Williams* v. *Van Valkenburg,* 16 How. Pr. 144.

*Cadwell & Everett,* for respondents.

GILFILLAN, C. J. The motion to vacate the judgment was properly denied. No one can read the letter from defendant to Peck without understanding it as a request to defend the action, and as authorizing him to do what in his judgment, as an attorney, might be necessary to that end. It gave him authority to enter an appearance. The letter was not a privileged communication. It is only a communication made because of, and in the course of, the confidential relation of client and attorney, which is privileged. A mere request by one to an attorney to become and act as his attorney, is not made because of such relation, but for the purpose of creating it. The fact of the retainer or employment may be proved by the attorney, although any communication beyond that, though made at the same time, may not be.

Order affirmed.