John T. Guirney *vs.* St. Paul, Minneapolis & Manitoba Railway Company.

June 20, 1890.

Master and Servant — Acts of Servant in Violation of Injunction— Master's Liability to Indemnify.—Where the servant of a corporation does acts in obedience to its orders which are in violation of an injunction restraining such acts, or which amount to a trespass, and such servant has no notice of the injunction or the invalidity or wrongfulness of such acts, or of any liability or danger of arrest likely to be incurred in the performance thereof, and such liability and threatened danger are known to his principal, but concealed from him, the principal is bound to indemnify him for the damages suffered by him as the natural result of his acts done in obedience to the orders of his superiors.

Same—Grounds of Master's Liability.—And the liability of the principal does not, in such case, depend upon the ultimate determination of the

question as to whether an alleged trespass by or upon the servant is or is not legally justifiable, or as to the legality or propriety of the issuance of the injunction. But the master may not wilfully expose his servant to danger of loss or injury in the course of his employment, the risk of which is known to him, but notice of which is wrongfully withheld from the servant.

Action brought in the district court for Ramsey county, to recover $10,000 damages on the cause of action stated in the opinion. The action having been brought on for trial before *Wilkin,* J., the court, on defendant's motion, ordered judgment in its favor on the pleadings. The plaintiff appeals from an order refusing a new trial.

*John W. Willis,* for appellant.

*Flandrau, Squires & Cutcheon,* for respondent.

VANDERBURGH, J. The controversy in this case grows out of an attempt by the Fargo Southern Railroad Company to make a crossing over the track and road-bed of the defendant at Wahpeton, Dakota. The plaintiff was foreman of railway repairs and construction for the defendant, and was directed by it to repair its track, which had already been cut and injured at the place in question, and to prevent the Fargo Company from interfering with the track of his company, and to protect the same from further injury or molestation. These instructions were obeyed by the plaintiff, and while he was so engaged he was arrested upon a warrant issued out of the district court of Dakota territory, for contempt in violating an injunction order previously issued by that court in a suit of the Fargo Company against this defendant. This order commanded the defendant company, its agents, attorneys, and assistants, and each of them, to desist and refrain from doing or causing to be done any act or thing which would in any manner interfere with or prevent the Fargo Company from building its road over the land in dispute upon which the proposed crossing had been attempted. The order was duly served upon the defendant, but plaintiff alleges that he had no notice of it, and was not informed of its existence by the defendant, but that the defendant concealed from plaintiff the fact of the issuance of the order, and in defiance thereof issued further orders to the plaintiff to repair and preserve intact the defendant's track, and di-

v.43m.—32

rected him to oppose, and if possible prevent, the crossing thereof by the Fargo Company, the plaintiff in the injunction suit, which acts were in fact, as he alleges, in violation of the injunction order; and while the plaintiff was proceeding to execute his orders, but in ignorance of the injunction, he was arrested, as before stated. This action is brought for the damages suffered by the plaintiff on account of his arrest and detention under the warrant, and is based upon the alleged wrongful acts and misconduct of the defendant in exposing him as its servant to the danger of an arrest for the violation of the injunction, which danger was known to the defendant, but concealed from the plaintiff. It is also alleged in the complaint that the defendant *knew* that the commission by him, under its direction, of any act prohibited by the injunction, would subject the plaintiff to great danger of arrest and imprisonment. The defendant, among other things, alleges in its answer that the plaintiff appeared before the court which issued the injunction order, to answer the charge of contempt, and that, after investigation and inquiry, an order was duly made and entered by the court in such proceeding, adjudging the plaintiff to be innocent of any violation of such injunction order, and discharging him from arrest, and that the order was vacated and discharged as against the defendant also. The reply denies that there was any investigation or inquiry by the court into the alleged contempt, and avers that the action of the court in the premises was in pursuance of a stipulation between the counsel of the respective parties, and not upon inquiry.

It is proper to say that the defendant's answer takes issue upon many of the allegations of the complaint upon which the plaintiff relies to support the liability of the defendant. But at the trial the defendant moved for judgment on the pleadings, and the motion was granted; and this appeal brings up for consideration here the propriety of that decision. For the purposes of the motion, the truth of the allegations in the complaint was necessarily assumed, while the averments in the answer not admitted by the reply were to be taken as untrue or not established. Upon that motion, however, the orders dismissing the injunction proceedings against the defendant and its agents, including this plaintiff, together with the stipulations of

the attorneys of the respective parties consenting to such dismissal, were by consent received and considered by the court. The question then recurs whether, upon the record thus presented, the motion for judgment in this action was warranted. It is true that, if the plaintiff had in fact no notice of the injunction, and in ignorance of it was in good faith executing the orders of the defendant, he did not render himself legally liable to be punished for contempt; but the circumstances of the case must be carefully considered in determining in respect to the dangers to which plaintiff was exposed. There was an attempt on defendant's part to resist, by physical force and strong hand, an attempt by the Fargo Company to construct the railway crossing. If the complaint is true, the defendant's directions, and plaintiff's acts in pursuance thereof, were in violation of the injunction, and were unlawful, as long as the injunction was pending; and, whatever may have been the grounds upon which the court dismissed the proceedings, it does not follow that there was not a *prima facie* case made upon which the order against the plaintiff was issued.

The complaint alleges that the defendant exposed the plaintiff, in the manner recited, to the danger of an arrest for a contempt, without notice to him, and that it knew that the plaintiff would be liable to be subjected to such danger. We may infer, from the conceded facts and the peculiar circumstances, that some proceedings would be likely to be taken to prevent or punish a violation of the injunction by defendant's servants. And so, if the defendant had, as is alleged, reason to expect such results to its servants while in good faith engaged in its service, without notice of the injunction, it would seem right and just that they should be indemnified for the injuries suffered by them as the result of their obedience to defendant's orders. And the defendant's liability does not depend upon the ultimate determination of the question as to which of the contending parties is legally right in respect to the title of disputed property, or the legality or propriety of the injunction order, or the sufficiency of the service thereof. The master may not expose his servant to danger from a wrong-doer or trespasser without proper warning. *Moore* v. *Appleton*, 26 Ala. 633; *Baxter* v. *Roberts*, 44 Cal. 187. The proposition upon which plaintiff relies to sustain his

cause of action is, in brief, that the defendant was bound to indemnify him against loss and damage suffered in the course of his employment, the risk of which the defendant understood, but wrongfully withheld from him such notice as was necessary for his protection. We think there is sufficient in the complaint to support this contention, and that the case should have proceeded to trial on the merits.

Order reversed.