## OSCAR HENDERSON v. ANTHON ECKERN.[1]

October 13, 1911.

Nos. 17,224—(55).

**Indemnity to agent implied by law.**
The general rule is that where one is employed or directed by another

[1] Reported in 132 N. W. 715.

to do an act in his behalf, not manifestly wrong, the law implies a promise of indemnity by the principal for damages resulting proximately from the good-faith execution of the agency.

**Conclusiveness of judgment.**

It is only when the indemnitor has been notified and has had an opportunity to defend that he will be concluded by a judgment against the indemnitee as to all questions determined therein which are material to a recovery against him by the indemnitee.

**Evidence.**

Evidence considered, and *held*, that the court erred in directing a judgment for the plaintiff.

Action in the district court for Norman county to recover $304.50, damages alleged to be due for breach of contract. The answer admitted that plaintiff was a duly qualified, appointed and acting deputy sheriff for Norman county, and that defendant was at one time the cashier of the Scandia-American Bank at Grand Forks, North Dakota. The case was tried before Grindeland, J., who directed a verdict in favor of plaintiff for $164.75. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Reversed and new trial granted.

*Christian G. Dosland,* for appellant.

*Andreas O. Ueland,* for respondent.

START, C. J.

This action, as disclosed by the pleadings and the evidence, is, in legal effect, one to recover damages for the alleged breach of a contract of indemnity. At the close of the evidence each of the parties moved the court for a directed verdict in his favor. The trial court denied the defendant's motion, and directed a verdict for the plaintiff in the sum of $164.75. The defendant appealed from an order of the district court of the county of Norman denying his motion for judgment notwithstanding the verdict or for a new trial. He here assigns forty-three alleged errors. Thirty-five of them relate to the rulings of the court on the admission of evidence. The others raise the question whether the defendant was entitled to a directed

verdict, or, if not, to a new trial on the ground that the court erred in directing a verdict for the plaintiff.

Upon a consideration of the whole evidence, we are of the opinion that the defendant is not entitled to judgment notwithstanding the verdict. On the other hand we are of the opinion, and so hold, that the trial court erred in directing a verdict for the plaintiff, and that for this reason a new trial must be granted.

It is not our purpose to discuss the evidence, but, with reference to a new trial, briefly to refer to the evidence, and state the rules of law applicable thereto.

The evidence is practically conclusive that the plaintiff, as deputy sheriff of the county of Norman, took possession of certain personal property, consisting in part of live stock, by virtue of two chattel mortgages, for the purpose of foreclosing them by a sale of the property so taken, and that he did so. Both mortgages were made by Tollef Redland, No. 1 to State Bank of Halstad, Minnesota, and duly assigned to defendant, and No. 2 was made to Scandinavian American Bank of Grand Forks, North Dakota, of which the defendant was president. The defendant, then residing at Grand Forks, sent both mortgages to an attorney at Halstad to be foreclosed. The attorney attended to the foreclosure of the mortgages, and the property taken was sold by the plaintiff as deputy sheriff to pay the mortgages. He deposited the net proceeds of the sale in the Halstad Bank to defendant's credit by his direction, who gave the Grand Forks bank a draft therefor.

The mortgagor claimed that some of his property which was not covered by the mortgages, it being, as claimed, the increase of the live stock, was taken and sold by the plaintiff. The mortgagor thereupon brought an action against the plaintiff for the conversion, and recovered judgment for $104.50 against the plaintiff, which he paid, also the reasonable attorney's fees, $50, for defending the action. The testimony of the plaintiff herein tended to show that the attorney of the defendant was present when the property was taken by the plaintiff, and that the attorney selected the property and told the plaintiff to take it. The testimony of the attorney was to the effect that he was present and assisted in the selection of the

property mortgaged, but that the plaintiff had the sole privilege of selection, and exercised it. There was also evidence tending to show that the defendant was, in fact, the actual owner of both of the mortgages, although there was no formal assignment to him of the mortgage to the Bank of Grand Forks, and also tending to show that the property claimed to have been converted was taken and sold on the foreclosure of this mortgage. Whether the defendant was the owner of such mortgage was made a question of fact by the evidence.

There was no competent evidence tending to show that the plaintiff ever notified the defendant of the pendency of the action of the mortgagor against the plaintiff for the alleged conversion of property not covered by the mortgages. Nor was there any evidence of an express contract of indemnity; the claim of the plaintiff being that the evidence establishes an implied contract.

The general rule is that, where one is employed or directed by another to do an act in his behalf, not manifestly wrong, the law implies a promise of indemnity by the principal for damages resulting proximately from the good-faith execution of the agency. Lesher v. Getman, 30 Minn. 321, 15 N. W. 309; Guirney v. St. Paul, M. & M. Ry. Co. 43 Minn. 496, 46 N. W. 78, 19 Am. St. 256; 22 Cyc. 95.

It is only when the indemnitor has been notified and has had an opportunity to defend an action against the indemnitee that he will be concluded by the judgment against the indemnitee as to all questions determined therein which are material to a recovery against him by the indemnitee.

It was not error for the court to receive in evidence letters from the defendant to his attorney showing a request to and employment of the attorney to foreclose the chattel mortgages. Eickman v. Troll, 29 Minn. 124, 12 N. W. 347.

Nor was it error to receive evidence tending to show that the attorney selected the property in question and directed the plaintiff to take it, for such act was at least within the apparent scope of his agency to foreclose the mortgages.

The other assignments of error as to the admission of evidence are without merit.

Order reversed, and new trial granted.