AVERY COMPANY *v.* HERRIOT-CARITHERS COMPANY
ET AL.

[No. 11,842.    Filed April 3, 1924.]

1. PLEADING.—*Written Instrument.*—*In Possession of Adverse Party.*—*Excuse for not Filing.*—In an action on a written instrument, an averment in the complaint that the defendant has possession of it is a sufficient excuse for not filing it or a copy with the complaint.    p. 351.

2. PLEADING.—*Making More Specific.*—*Motion for.*—*On Joint Grounds.*—A motion to make a complaint more specific on several grounds, including the filing therewith of a written warranty which was the foundation of the action, was properly overruled where the complaint averred that it was in the possession of the defendant, as that excused the filing of a copy of the warranty with the complaint.    p. 351.

3. PLEADING.—*Written Instruments.*—*Pleading not Based Upon.*—*Not Proper Exhibits.*—Printed forms and blanks referred to in a pleading, but which are not the foundation of the pleading, are not proper exhibits thereto.    p. 352.

4. PLEADING.—*Motion to Make More Specific.*—*Joint Specifications.*—A motion to make a pleading more specific in two or more particulars was properly overruled when the motion was not well taken as to one of the specifications.    p. 352.

5. PLEADING.—*Conclusions.*—*How Questioned.*—*Statute.*—The averment of conclusions in a pleading does not render it subject to demurrer, but, since 1913 (Acts 1913 p. 850, §383a Burns 1914), the only remedy as against such conclusions has been a motion to require the party filing such pleading to state the facts to sustain the conclusions alleged (*Aultman, Miller & Co.* v. *Seichting,* 126 Ind. 137, distinguished).    p. 352.

6. PLEADING.—*Conclusions.*—*Test of Machinery.*—An averment in a pleading that the purchaser of machinery attempted to use the same but that it was defective and would not do the work is a sufficient averment of a test of the machinery, in the absence of a proper motion to make more specific.    p. 352.

7. PRINCIPAL AND AGENT.—*Indemnity of Agent for Losses in Execution of Agency.*—In the absence of stipulations to the contrary, an agent is entitled to indemnity against the consequences of his proper acts in the execution of his agency, or in pursuance of the authority conferred upon him.    p. 353.

8. PRINCIPAL AND AGENT.—*Reimbursement of Agent for Advances to Principal.*—An agent who, in anticipation of the receipt of the amount of sales for his principal, remits such amount, is entitled to be reimbursed where the purchasers fail and refuse to pay for the articles purchased.    p. 354.

Avery Co. *v.* Herriot-Carithers Co.—81 Ind. App. 348.

9.  PRINCIPAL AND AGENT.—*Reimbursement of Agent for Advances to Principal.*—An agent authorized by his principal to warrant machinery sold by him, and who, in anticipation of such sales, advances to his principal the price of such machinery, on a subsequent breach of the warranty so made to a purchaser, thereby preventing the collection of the purchase price, is entitled to be reimbursed by the principal for the amount advanced.  p. 354.

10.  TRIAL.—*Evidence.—Admission of Incompetent Evidence.*—In the trial of an action by an agent against his principal to recover advances made to the principal, the admission of testimony by the plaintiff that, at the time certain machinery was sold, it sent an order therefor, signed by the customer, to the principal, on an order-blank of the latter, was not error where the order was afterward introduced in evidence.   p. 354.

11.  PRINCIPAL AND AGENT.—*Evidence.—Statements of Agent.— Admissibility.*—In an action by an agent to recover from his principal the amount of his damages by reason of a breach of warranty of machinery sold by him to a customer, which machinery proved to be defective and the customer refused to pay for the same, the admission in evidence of statements relative to the condition of said machinery, made by an agent of the defendant sent by it to inspect and repair the same, was not error.   p. 354.

12.  APPEAL.—*Review.—Instructions.—Harmless Error.*—A judgment will not be reversed for error in the instructions where the right result was reached.   p. 355.

From Gibson Circuit Court; *Robert C. Baltzell,* Judge.

Action by the Herriot-Carithers Company against the Avery Company, the city of Princeton being made a garnishee defendant.  From a judgment for plaintiff, the defendant company appeals.  *Affirmed.*

*D. W. Duncan,* for appellant.

*Claude A. Smith* and *T. Morton McDonald,* for appellee.

NICHOLS, J.—Action by appellee Herriot-Carithers Company, hereinafter mentioned as appellee, against appellant.

There were three paragraphs of complaint, the first on the theory of breach of a written warranty, the sec-

ond on the theory that appellee, as the agent of appellant, was authorized to make a warranty for appellant, which it did, that appellee paid for the goods, that the goods warranted were worthless, and the purchaser refused to pay therefor. The third paragraph was dismissed.

It was averred in the first paragraph of complaint that appellee was in the retail hardware and implement business in Gibson County, Indiana, and on May 24, 1918, purchased of appellant certain machinery and implements, including a tractor, pilot guide and plow, that such order was in writing, but not made a part of the complaint because it was in the hands of appellant. It contained a warranty that the tractor should be of good material, well made and in workmanlike manner, and that any piece or part that should prove defective within thirty days would be made good at the factory in Peoria, Illinois, free of charge; but such warranty expressly excluded ignition apparatus. The tractor so ordered was sold to appellee for $786.25, the pilot guide for $15.75, and the plow for $133, all of which was paid by appellee to appellant. On May 30, 1920, appellee sold said machinery to one of its customers in Gibson County who attempted to use the same, but it was so defective that it would not do good work. The tractor was not "well made, of good material, and in good workmanlike manner", and was worthless. Said customer refused to pay for it, and appellee has been unable to collect therefor. Had such machinery been as warranted, it would have been worth the amount paid therefor. Appellee, relying upon such warranty expended $50 and spent time of the value of $50 in attempting to use such machinery. That by reason of the foregoing facts, appellee was damaged in the sum of $1,500.

The second paragraph of complaint, as aforesaid, was based on the theory that appellee was the agent of ap-

pellant, and as such authorized to warrant such machinery, and contains other substantial facts as the first.

Appellee City of Princeton was made a party to the action as garnishee.

Appellant filed its motion to require appellee to make each the first and second paragraphs of its complaint more specific as follows: "(1) That said first paragraph of complaint be made more specific by filing therewith the written warranty therein mentioned, and to state what item or piece of said tractor was made of bad materials and were poor workmanship and wherein the assembly of said tractor was not properly made. (2) The defendant requests the court to require the plaintiff to file with its second paragraph of complaint a copy of the printed forms and blanks alleged therein to have been furnished by the defendant to the plaintiff to specifically state what pieces or part of said tractor was not made of good material and were poor workmanship and wherein the assembly of said tractor was not properly made."

It will be observed that the motion to make more specific, while several as to the respective paragraphs, is a joint motion in so far as the particulars in 1, 2. which it requested the respective paragraphs to be made more specific are concerned. It is averred in the first paragraph that the written warranty was in the hands of appellant. With such an averment, appellee was not required to file with its complaint a copy of such written warranty as an exhibit, and there was no error in overruling the motion to make more specific in this regard. *Keesling* v. *Watson, Admr.* (1883), 91 Ind. 578; *The Walter A. Wood, etc., Co.* v. *Reaping, etc., Co.* (1894), 10 Ind. App. 454.

The motion to make the second paragraph of complaint more specific requests the court to require appellee to file with such paragraph a copy of the printed forms

and blanks alleged therein to have been furnished by appellant to appellee. But the action set forth in the second paragraph of complaint is not based upon the printed forms and blanks, and the same, therefore, were not proper exhibits to the complaint. There was no error in overruling the appellant's motion in this regard. *Diggs* v. *Way* (1898), 22 Ind. App. 617.

The motion to make more specific as to each of the paragraphs was a joint motion as to the particulars in which appellant would have such paragraph made more specific, containing two or more specifications, and since the motion as to one of the specifications in each paragraph was not well taken, it was not error for the court to overrule the respective motions. *Sievers* v. *Peters, etc., Co.* (1898), 151 Ind. 642, 50 N. E. 877; *Heaston* v. *Krieg* (1906), 167 Ind. 101, 77 N. E. 805; *Harrod, Admr.,* v. *State* (1899), 24 Ind. App. 159, 55 N. E. 242.

Appellant's several demurrer to each of the paragraphs of complaint was overruled and this ruling of the court is presented as error. To sustain this contention, appellant says that the first paragraph of complaint does not aver that any specific part or piece of the tractor, pilot guide and plow was made of inferior material and of bad workmanship. Appellant attempted to present this question by its motion to make more specific, but failed so to do because of its motion being joint, and insufficient as to one of its specifications. The fact that the question was not properly presented by the motion to make more specific does not justify raising the question by demurrer. It is expressly provided in Acts 1913 p. 850, §343a Burns 1914, that as against conclusions stated in a pleading the only remedy is by a motion to require the party filing such pleading to state the facts necessary to

sustain the conclusion alleged, and that if no such motion is made and relied upon, all objections on account thereof are waived. In this case, there was no proper motion to present this question. Appellant, contending that the particulars of the breach must be shown by the averments of the complaint, relies upon *Aultman, Miller & Co.* v. *Seichting* (1890), 126 Ind. 137; but that opinion antedates the statute of 1913 above mentioned and hence is not an authority in this case. The averment in the complaint that the purchaser of the machinery attempted to use the same but that it was defective and would not do the work is a sufficient averment of a proper test of the machinery, in the absence of a proper motion to make more specific.

Appellant contends that the complaint should have averred that the machinery was of no value *and* that appellee offered to return the same to appellant and that it was refused, citing to sustain its contention *Lafayette Agricultural Works* v. *Phillips* (1874), 47 Ind. 259; but that authority does not sustain appellee's contention. The court there says that: "It is not alleged that the machine was of no value, *or* that it was returned by the defendant to the plaintiff. It is only alleged that the machine was utterly worthless and of no value *to the defendant.*" (Our italics.) Had there been an averment simply that the machine was of no value, no doubt the court would have held that, as to this element, the complaint stated a cause of action.

The second paragraph of complaint based upon the theory of agency avers that appellant furnished appellee blanks for the purpose of taking written 7. orders for its machinery, and directed appellee to sell appellant's tractors under a warranty, such as averred in the first paragraph of complaint; that, pursuant to such authority and direction, appel-

lee sold the tractor and other machinery involved to one of its customers who fairly tested the same, that they did not comply with the terms of the warrant, and that appellant was unable to make them do so, that the customer thereupon refused to pay appellee therefor, and that appellee had heretofore paid appellant, whereby appellee was damaged. It is a well-established rule of agency that, in the absence of stipulations to the contrary, an agent is entitled to indemnity against the consequences of his proper acts in the execution of his agency, or in pursuance of the authority conferred upon him. *Henderson* v. *Eckern* (1911), 115 Minn. 410, 132 N. W. 715, Ann. Cas. 1912D 989; *Green* v. *Goddard* (1845), 9 Metc. (Mass.) 212, 222; *Lexington, etc., Bank* v. *Rutherford* (1890), 12 Ky. Law Rep. 632.

The rule is thus stated in 2 C. J. 796, under note 78: "If an agent, in anticipation of the receipt of the amount of sales for his principal, remits such amount, and the purchasers fail to pay, it is not the loss of the agent, but of the principal," citing *Mc-Larty* v. *Middleton* (1861), 6 Weekly Reporter (Eng.) 379, 853. Appellee, having advanced the price of the machinery to appellant, as averred, and there having been a breach of the warranty which appellee was authorized to make, and thereby a failure to collect, was certainly entitled to be reimbursed. The several demurrer was properly overruled as to each paragraph of the complaint.

In his motion for a new trial, appellant complains of error of the court in permitting witness Daugherty, who was the manager of appellee company, to testify that at the time that the tractor and other machinery were sold to appellee's customer, it sent an order therefor signed by such customer to appellant. The order was upon one of appellant's blanks and was put in evidence. There was no error in per-

mitting this evidence. The same witness was permitted, over the objection of appellant, to testify to a conversation between himself and one Mr. Ward, who was a service man, sent by appellant to repair the tractor. The objection made to this conversation and to statements made by said Ward were based upon appellant's statements that said Ward was not the agent of appellant, and, for that reason, any statement made by him to Mr. Daugherty would not bind appellant, and further that even though he was such agent, his statement would be purely hearsay. It is expressly conceded, however, by appellant that said Ward was its agent, and it was not error to admit statements made by him concerning the condition of the machinery at the time that he was sent to inspect and repair the same.

We have examined the instructions that were tendered by appellant and refused, as well as the instructions that were given by the court, and we find no error in the refusing of instructions tendered and we hold that the jury was fully instructed as to the law of the case. Even if it had not been, there would be no reversible error for, after examining the evidence, we hold that a right result has been reached.

Judgment affirmed.